**MIZOKAMI BROS. OF ARIZONA, INC., Appellant,**

v.

**MOBAY CHEMICAL CORPORATION, Appellee.**

No. 80–1149.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1980.

Decided Aug. 31, 1981.

Rehearing Denied Oct. 20, 1981.

F. Trowbridge Vom Baur, argued, Gage, Tucker & Vom Baur, Washington, D. C., F. Philip Kirwan, Ronald K. Barker, Margolin & Kirwan, Kansas City, Mo., for appellant.

Thomas J. Wheatley, Maurice J. O'Sullivan, Jr., argued, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for appellee.

Before ROSS and HENLEY, Circuit Judges, and RENNER *, District Judge.

HENLEY, Circuit Judge.

Mizokami Bros. of Arizona, Inc. brought suit alleging damages resulting from participation by Mobay Chemical Corporation in a civil conspiracy to evade and violate the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–392 (FFDCA), the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 136–136y (FIFRA), and certain laws of Mexico. Mizokami now appeals from the decision of the district court[1] granting Mobay's motion for summary judgment based upon principles of res judicata, and in the alternative granting Mobay's motion to dismiss based upon the doctrine of forum non conveniens. We reverse in part and remand with directions.

Mizokami alleges it suffered a three million dollar loss when a shipment of its Mexican-grown bell peppers was impounded by agents of the Food and Drug Administration at Nogales, Arizona in March, 1973, and an embargo was placed on further shipments of its 1972–73 crop of bell peppers into the United States. Importation of the peppers was prohibited, and a substantial portion of them had to be destroyed, because they contained residues of a chemical pesticide (Tamaron) for which no tolerance level had been established under United States statutes. The principal chemical ingredient of the pesticide was manufactured by Mobay at its plant in Kansas City, Missouri, sold by Mobay to its German parent corporation Bayer A. G., and consigned by Mobay to Bayer de Mexico (Bayer A. G.'s Mexican subsidiary) for packaging and sale in Mexico to vegetable growers, including those who grew peppers for export to the United States.

---

* The Honorable Robert G. Renner, United States District Judge, District of Minnesota, sitting by designation.

1. The opinion of the district court is reported at 483 F.Supp. 201 (W.D.Mo.1980).

In October, 1973 Mizokami initiated a suit against Bayer A. G., Bayer de Mexico, and Mobay (then known as Baychem Corporation) in the United States District Court for the District of Arizona. The Arizona District Court dismissed the suit against Bayer A. G. and Bayer de Mexico on the ground that it lacked in personam jurisdiction. The suit against Mobay was dismissed on the theory of forum non conveniens. The Ninth Circuit affirmed in a per curiam opinion, *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.*, 556 F.2d 975 (9th Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 770, 54 L.Ed.2d 783 (1978).

In March, 1978 Mizokami (an Arizona corporation) instituted the present action against Mobay (a New Jersey corporation doing business in Missouri) in the United States District Court for the Western District of Missouri. Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332. The district court granted Mobay's alternative motions for summary judgment and dismissal. Mizokami's motion for reconsideration was denied.

On appeal, Mizokami contends that the district court erred in holding that (1) the dismissal by the Arizona District Court precludes the instant suit and (2) Missouri is not a convenient forum.

*Res Judicata.*

The district court granted summary judgment for Mobay, declaring that the instant suit was barred under principles of res judicata. The court ruled that Mizokami could

not be permitted to relitigate the forum non conveniens question decided in the Ninth Circuit. On appeal, Mizokami contends that the district court erred in its application of res judicata in the present case. We reverse.

█ Res judicata[2] ensures the finality of decisions. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). By permitting contested matters to achieve a state of repose, res judicata encourages reliance on adjudication, bars vexatious litigation, and promotes economy of judicial resources. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

█ In the present case the applicable res judicata principle is issue preclusion. Because there has been no judgment on the merits of Mizokami's claim, a second action is not barred by the rules of claim preclusion.[3] *Acree v. Air Line Pilots Association*, 390 F.2d 199, 203 (5th Cir.), *cert. denied*, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4436 (1981). The prior forum non conveniens dismissal precludes relitigation of only those issues of law and fact actually litigated and necessary to the Ninth Circuit decision.[4] *See Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42

---

2. Res judicata is used here in its broad sense to encompass both claim preclusion and issue preclusion. Under the principle of claim preclusion, a final judgment on the merits is conclusive between the parties in a second action on the same claim as to all matters which were or might have been decided. Under the principle of issue preclusion, a final judgment is conclusive between the parties in a second action on the same or a different claim as to issues actually litigated and necessary to the former decision. *See Towle v. Boeing Airplane Co.*, 364 F.2d 590, 592 (8th Cir. 1966); *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 31 n.1 (8th Cir. 1964); Restatement (Second) of Judgments, Introductory Note to ch. 3 (Tent. Draft No. 1, 1973).

3. We reject Mobay's contention that the Ninth Circuit decision "finally determined not only what was actually in issue, but also what might have been in issue had it been raised."

4. When an issue of law or fact is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977).

Because the principle of issue preclusion applies with equal force whether the second action is on the same or a different claim, we need not decide whether the present action states a new claim for relief.

L.Ed. 355 (1897); *Cromwell v. County of Sac*, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1876). The controlling inquiry is whether the instant question was a matter in issue and determined between these parties. *Southern Pacific Railroad Co.*, 168 U.S. at 52, 18 S.Ct. at 28.

The parties disagree as to the scope of the earlier decision and its consequent preclusive effect. Mobay contends that the Ninth Circuit held that Mexico was the only convenient forum for litigation of Mizokami's claims. It would construe the forum non conveniens dismissal as a determination that the action could not be maintained in any United States district court. Mobay argues that Mizokami should not be permitted to relitigate the convenience of a United States forum.

Appellant maintains that the only issue decided in the earlier suit was that the United States District Court for the District of Arizona was not a convenient forum. Mizokami contends that the Arizona court did not hold—because it could not—that Mexico was the only convenient forum. The convenience of Missouri as compared with that of Mexico was not at issue and not decided. Since the issues are distinct, Mizokami urges that the prior forum non conveniens dismissal should have no preclusive effect.

■ We agree substantially with appellant and conclude that the earlier dismissal does not bar the present suit.

The Arizona District Court ruled that, although jurisdiction and venue were proper, as a matter of discretion it would not hear the case. The court did not hold, however, that the claim must be tried in Mexico. It merely refused to exercise jurisdiction and dismissed the case.

The court's decision to resist imposition upon its jurisdiction rested upon consideration of a number of convenience factors: the contacts of the parties and the transaction with Arizona, the location and availability of witnesses and evidence, the applicable substantive law, etc. Although the Missouri federal court must apply the same objective criteria, the underlying facts to be evaluated are distinct. 18 Wright, Miller & Cooper § 4436. *Cf. Parsons v. Chesapeake & Ohio Railway Co.*, 375 U.S. 71, 72–73, 84 S.Ct. 185, 186, 11 L.Ed.2d 137 (1963) (prior state court forum non conveniens dismissal does not preclude federal court's consideration of 28 U.S.C. § 1404(a) transfer); *Prack v. Weissinger*, 276 F.2d 446, 450 (4th Cir. 1960) (federal district judge properly deferred to prior forum non conveniens decision of another judge in the *same* district). The contacts of the parties and transactions with Missouri, the availability of witnesses and evidence in Missouri, and factors affecting the burden on the Missouri District Court were not explored in the Arizona litigation.

We believe that *Pastewka v. Texaco, Inc.*, 565 F.2d 851 (3d Cir. 1977), *aff'g* 420 F.Supp. 641 (D.Del.1976), is not inconsistent with our decision here. In that case the Third Circuit held that a prior forum non conveniens dismissal in New York barred relitigation of forum non conveniens in Delaware, where the plaintiffs conceded that both the objective legal criteria and the *material facts underlying the application of those criteria were identical.* 565 F.2d at 854. Appellant here has contended that the contacts of the parties with Missouri, the availability of witnesses in Missouri and other relevant factors make the inquiry distinct. We believe the record demonstrates sufficient differences in the underlying facts that consideration of the convenience of a Missouri forum is not foreclosed. *See* 420 F.Supp. at 646.

■ The convenience of the Arizona forum has been fully litigated and finally determined. Under the rules of issue preclusion Mizokami may not reopen that issue here. *Cf. Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 524–26, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931) (in personam jurisdiction); *Zoriano Sanchez v. Caribbean Carriers, Ltd.*, 552 F.2d 70, 72–73 (2d Cir.), *cert. denied*, 434 U.S. 853, 98 S.Ct. 168, 54 L.Ed.2d 123 (1977) (subject matter jurisdiction). The dismissal is conclusive, however, only as to the availability of an

Arizona forum.[5] Further litigation on other procedural questions and the merits of the claim are not precluded.[6] *Victory Highway Village, Inc. v. Weaver*, 634 F.2d 1099, 1101 (8th Cir. 1980); *Acree v. Air Line Pilots Association*, 390 F.2d at 202–03; *Vorbeck v. McNeal*, 407 F.Supp. 733, 736 (E.D. Mo.), *aff'd mem.*, 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976).

*Forum Non Conveniens.*

As an alternative basis for decision the district court granted Mobay's motion to dismiss on grounds of forum non conveniens. On appeal, Mizokami contends that the court incorrectly assessed the relative convenience of a Missouri forum and erred in dismissing the case. We vacate the order of dismissal and remand with directions.

"The principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses, the action should be tried in another judicial forum." *Dahl v. United Technologies Corp.*, 632 F.2d 1027, 1029 (3d Cir. 1980). *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947).[7] Forum non conveniens presupposes at least two forums in which the defendant is amenable to process and furnishes criteria for choice between them. *Gilbert*, 330 U.S. at 506–07, 67 S.Ct. at 842.

Although perhaps no list of criteria is exhaustive, the Supreme Court has suggested factors relevant to the forum non conveniens inquiry:

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility (sic) of a judgment if one is obtained.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather

---

5. The final determination of the inconvenience of the Arizona forum bars Mizokami's attempt to reopen that issue by bringing in new evidence of contacts with Arizona. Mizokami is also precluded from relitigating issues of fact actually litigated and necessary to the prior decision.

6. Mobay also argues that the instant suit must be barred because the Arizona court dismissed the action under the common law doctrine of forum non conveniens and did not transfer the case pursuant to 28 U.S.C. § 1404(a). Appellee contends that, "The court's determination to dismiss, rather than to transfer, inherently, and necessarily was a determination that this action was not maintainable in any federal district court of the United States."

If there is another federal forum where the case "might have been brought" the appropriate remedy is transfer, not dismissal. 28 U.S.C. § 1404(a). *See, e. g., Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Because dismissal is a harsh remedy, a court ordinarily will consider whether transfer

is appropriate before ruling on a forum non conveniens motion. We do not believe, however, that § 1404(a) governs the res judicata effect of the forum non conveniens dismissal in this case. The record of the Arizona proceedings gives no indication that the possibility of a transfer was ever considered by either the parties or the court. In addition, no inconsistent positions regarding the availability of a Missouri forum appear to have been taken. In such circumstances, we decline to imply broad res judicata or law of the case effect from a matter never contested.

7. See generally Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Col.L.Rev. 1 (1929); Note, The Convenient Forum Abroad, 20 Stan.L.Rev. 57 (1967); Note, The Convenient Forum Abroad Revisited: A Decade of Development of the Doctrine of Forum Non Conveniens in International Litigation in the Federal Courts, 17 Va.J.Int'l L. 755 (1977).

than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself.

*Id.* at 508–09, 67 S.Ct. at 843.

■ In weighing these factors the district court must balance the preference accorded plaintiff's choice of forum with the burdens of litigating at an inconvenient venue. This evaluation is addressed to the experience and insight of the trial judge and is within his initial discretion. We review the forum non conveniens dismissal only for abuse of that discretion. *Id.* at 508, 67 S.Ct. at 843; *J. F. Pritchard & Co. v. Dow Chemical Ltd.*, 462 F.2d 998, 1000 (8th Cir. 1972).

In the instant case most of the relevant events occurred in Mexico. The peppers were grown by Mexican farmers under contract with Mizokami. The insecticide was mixed, packaged, purchased, and applied in Mexico. Representations about the proper use of the insecticide were made by the distributor to the growers in Mexico.

■■ The district court found that most of the witnesses are in Mexico and that it would be impossible or prohibitively expensive to obtain their attendance in Missouri. Because many of the witnesses are Spanish-speaking and many of the documents are written in Spanish, trial in Missouri would require extensive translations. The court also concluded that issues of Mexican law would predominate in the trial.[8] The Missouri court's unfamiliarity with Mexican law would present another obstacle to a fair and expeditious trial in Missouri.

■ Mizokami urges that Mobay has not proved that Missouri would be a clearly inconvenient forum. Appellant notes that Mobay manufactured a key ingredient of the insecticide at its plant in Missouri. Mobay also distributed literature from Missouri regarding the production and recommended uses of the insecticide. Mizokami adds that Mobay employees familiar with these activities, as well as documents relating to the manufacture of Tamaron, will be found in Missouri.[9]

---

**8.** Mizokami's complaint set forth three counts against Mobay:

  (1) civil conspiracy to evade and violate the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–392 (FFDCA) and the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 136–136y (FIFRA) by means of false representations and false labeling of the insecticide Tamaron;

  (2) civil conspiracy to evade and violate the laws of Mexico by means of the same conduct; and

  (3) a claim for punitive damages.

Count two is clearly controlled by Mexican law. Count one purports to state a claim of civil conspiracy under United States law. A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. The principal elements of the offense are an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. *Rotermund v. United States Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir. 1973); *Neff v. World Publishing Co.*, 349 F.2d 235, 257 (8th Cir. 1965). A claim of civil conspiracy thus rests on the underlying substantive wrong. Mizoka-

mi, however, specifically denies any contention that FFDCA or FIFRA gives rise to a private cause of action. In such circumstances, there is doubt that Mizokami's first count properly states a claim of civil conspiracy to violate United States law. We believe the district court's conclusion that issues of Mexican law will predominate in the trial of this action probably was correct.

**9.** Mizokami also contends that its status as a United States citizen should preclude a forum non conveniens dismissal. However, citizenship alone is not conclusive. It is but a single factor in the forum non conveniens decision. As has been noted, it is at best an imperfect proxy for other relevant convenience factors. Bickel, The Doctrine of Forum Non Conveniens as Applied in the Federal Courts in Matters of Admiralty, 35 Cornell L.Q. 12, 43–45 (1949); Comment, Forum Non Conveniens and American Plaintiffs in the Federal Courts, 47 U.Chi.L. Rev. 373, 381–83 (1980). We believe the district court properly considered the relevant contacts with Missouri and Mexico and that Mizokami's United States citizenship did not bar the dismissal. *See Alcoa S. S. Co. v. M/V*

This is perhaps a closer case than the district court suggested; nonetheless, we find that the dismissal was not an abuse of discretion. The court recognized and applied the controlling *Gilbert* criteria.[10] The conclusion that the balance of convenience weighs so heavily against trial of the claims in Missouri that the action should be dismissed was permissible. *Panama Processes, S. A. v. Cities Service Co.*, 650 F.2d 408, 414–15 (2d Cir. 1981); *Calavo Growers v. Belgium*, 632 F.2d 963, 968 (2d Cir. 1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *J. F. Pritchard & Co. v. Dow Chemical, Ltd.*, 462 F.2d 998, 1000 (8th Cir. 1972).

Although we cannot say that in dismissing the district court abused its discretion, we believe that the dismissal should have been conditional only. The doctrine of forum non conveniens presupposes that an alternative forum is available. *Gilbert*, 350 U.S. at 506–07, 67 S.Ct. at 842. Mizokami, however, alleged in the trial court and urges here that Mexico is not an available forum because Mobay is not amenable to process there. Mobay has never answered this contention, except by arguing that Mizokami should proceed against Bayer de Mexico and not against Mobay. It would be unjust if Mobay's successful motion to dismiss on grounds of forum non conveniens precluded, in effect, any hearing on the merits.

Because appellant has raised a serious question of the availability of a Mexican forum, the better procedure would be to dismiss the action subject to the following conditions: (1) the Mexican courts consent to exercise jurisdiction over the case; (2) Mobay consents to submit to the jurisdiction of the Mexican courts; (3) Mobay waives any statute of limitations defense that has arisen since the commencement of this action in the Western District of Missouri; (4) Mobay agrees to make available in Mexico all witnesses and documents within its control; and (5) Mobay agrees to satisfy any judgment awarded in the Mexican courts. *Swift & Co. Packers v. Compania Colombiana Del Caribe, S. A.*, 339 U.S. 684, 697–98, 70 S.Ct. 861, 869, 94 L.Ed. 1206 (1950); *Calavo Growers v. Belgium*, 632 F.2d 963, 968 (2d Cir. 1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 116 (1981); *Prack v. Weissinger*, 276 F.2d 446, 448 (4th Cir. 1960).

On remand the district court should first consider the availability of a United States forum, other than Missouri or Arizona, to which the case may be transferred pursuant to 28 U.S.C. § 1404(a). If no such forum is available, the court should determine whether Mobay will consent to dismissal subject to the above conditions. If consent is given the court may enter an appropriate order conditionally dismissing the action. Should any condition not be met, the action may continue in the United States District Court for the Western District of Missouri.

In sum, (1) the order of the district court granting summary judgment for Mobay on grounds of res judicata is reversed; (2) the order of the district court dismissing the case on grounds of forum non conveniens is vacated; and (3) the case is remanded to the district court for further proceedings consistent with this opinion.

*Nordic Regent*, 654 F.2d 147, 154–58 (2d Cir. 1980) (*en banc*), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980). *Cf. J. F. Pritchard & Co. v. Dow Chemical, Ltd.*, 462 F.2d 998 (8th Cir. 1972) (U.S. corporate assignee's claim against foreign corporation dismissed on grounds of forum non conveniens).

**10.** Because the Missouri criteria for forum non conveniens dismissal are the same as the federal criteria in all respects material here, *see Elliott v. Johnston*, 292 S.W.2d 589, 593–95 (Mo.1956), we need not decide whether federal or state law should control. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, at 509, 67 S.Ct. 839, at 843, 91 L.Ed. 1055 (1947).