539 F.Supp. 204 (1982)
BREINER EQUIPMENT CO., Plaintiff,
v.
DYNAQUIP, INC., Defendant.
No. 81-1570C(4).
United States District Court, E. D. Missouri, E. D.
April 21, 1982.
*205 Steven M. Hamburg, Summers, Compton, Wells & Hamburg, St. Louis, Mo., for plaintiff.
Pat L. Simons, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.
Plaintiff, a Missouri corporation with its principal place of business in Missouri, brings this breach of contract action against defendant, a Texas corporation with its principal place of business in Texas. Defendant was served by certified mail in Texas.
Personal jurisdiction over a non-resident defendant in diversity turns on two considerations: whether state law confers personal jurisdiction over the defendant, and whether such an assertion of jurisdiction is consistent with the due process clause of the fourteenth amendment. E.g., Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977).
As to the first inquiry, the Missouri long-arm statute extends jurisdiction over any corporation as to any cause of action arising from doing any of the following:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
Mo.Rev.Stat. § 506.500 (Supp.1981). Service of process under this statute is effective to extend jurisdiction over non-resident defendants to the limits allowed under the due process clause. State ex rel. Deere & Co. v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970). Therefore, the familiar test for determining the constitutionality of the exercise of personal jurisdiction applies: does the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Accord World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-94, 100 S.Ct. 559, 564-65, 62 L.Ed.2d 490 (1980).
When a defendant moves for dismissal for lack of personal jurisdiction, a plaintiff must make a prima facie showing of jurisdictional facts, through the submission of affidavits or other written materials, in order to avoid defendant's motion to *206 dismiss. Data Disc, Inc. v. Systems Technology Associates, Inc., supra at 1285.
Plaintiff's action seeks to recover damages arising out of an alleged breach of a joint venture agreement between plaintiff and defendant. The joint venture allegedly involved the purchase of a phthalic anlydride plant in Arecibo, Puerto Rico, and its resale to a Mexican company.
To determine if the exercise of personal jurisdiction violates due process, courts generally weigh the following five factors:
(1) The quantity of contacts with the forum state;
(2) The nature and quality of contacts with the forum state;
(3) The relationship of the cause of action to the contacts with the forum state;
(4) The interest of the state in providing a forum for its residents; and
(5) The convenience of the parties.
E.g., Block Industries v. DHJ Industries, Inc., 495 F.2d 256, 259 (8th Cir. 1974). The first three factors listed above are of primary concern, while the latter two are only of secondary importance. Toro Co. v. Ballas Liquidating Co., 572 F.2d 1267, 1270 (8th Cir. 1978).
The facts, contained in the affidavit of the president of plaintiff, in support of jurisdiction are as follows: (1) phone calls and correspondence between St. Louis and Texas regarding the joint venture; (2) that defendant has "engaged in business and transacted business" with other Missouri corporations; and (3) that "much of the work in regard to the effectuation of the joint venture agreement between plaintiff and defendant was transacted in Missouri. That the joint venture agreement was made and partially performed in the State of Missouri."
The affidavit of the president of defendant states the following: that no representative of defendant visited Missouri in connection with the alleged joint venture; that defendant does not do business in the State of Missouri; that defendant does not have an office or agent for service of process in Missouri; that defendant has no employees or property located in Missouri; and that the only contacts with plaintiff regarding the joint venture were telephone calls and letters.
The Court finds the contacts with Missouri wholly insufficient to support the exercise of personal jurisdiction. Neither use of the mails, telephone calls, nor unilateral activities on the part of the plaintiff in performing a contract is enough to subject a defendant to service of process in Missouri. E.g., Lakeside Bridge & Steel Co. v. Mountain State Construction Co., 597 F.2d 596 (7th Cir. 1979), cert. denied, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980); Scullin Steel Company v. National Railway Utilization Corp., 520 F.Supp. 383 (E.D.Mo. 1981); M & D Enterprises, Inc. v. Fournie, 600 S.W.2d 64 (Mo.App.1980). Plaintiff's allegations of other business dealings between defendant and other Missouri companies is no aid to personal jurisdiction. The Eighth Circuit has explicitly rejected the argument that "jurisdictional significance should be attached to a foreign corporation's forum activities which were unrelated to the cause of action." Toro Co. v. Ballas Liquidating Co., supra at 1270; Aaron Ferer & Sons Co. v. American Compressed Steel Co., 564 F.2d 1206, 1211 (8th Cir. 1977).
The Court, after careful consideration, concludes that plaintiff has failed to make a prima facie showing of facts sufficient to support the exercise of personal jurisdiction over defendant.
Plaintiff further requests the Court to allow discovery on the jurisdictional issue before considering defendant's motion to dismiss. While some courts have deferred jurisdictional rulings pending discovery, the Court finds that discovery would be inappropriate in this case. Compare Fraley v. Chesapeake & Ohio Railway Co., 397 F.2d 1 (3d Cir. 1968) and AAMCO Automatic Transmissions, Inc. v. Tayloe, 368 F.Supp. 1283 (E.D.Pa.1973) with Lehigh Valley Industries, Inc. v. Birenbaum, 527 F.2d 87 (2d Cir. 1975) (discovery not required when there is no allegation of specific facts supporting jurisdiction). Plaintiff's general assertions *207 about the joint venture agreement being made and performed in Missouri are not the kind of specific facts that support jurisdiction.
The Court, finding that plaintiff's allegations do not support jurisdiction, concludes that discovery would be inappropriate. The plaintiff should have specific knowledge about contacts surrounding the alleged joint venture, making discovery about those facts unnecessary. Discovery about defendant's contacts with Missouri that are unrelated to plaintiff's claims would be irrelevant. The interrogatories and request to produce filed by plaintiff consist predominantly of questions about defendant's unrelated activities in Missouri, if any. Further discovery would only impose an improper burden upon defendant without any showing that discovery would demonstrate facts that would support the exercise of personal jurisdiction.

ORDER
A memorandum dated this day is hereby incorporated into and made a part of this order.
IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of jurisdiction over defendant be and the same is granted.