**CARITHERS STORES, INC., Plaintiff,**

v.

**FIFTY ASSOCIATES, Defendant.**

**No. 83–1381–C(C).**

United States District Court,
E.D. Missouri, E.D.

July 12, 1983.

---

Richard B. Lindenberger, St. Louis, Mo., for plaintiff.

Charles Merrill, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon defendant's motion to dismiss or, in the alternative, for a transfer of venue. For the reasons set forth below, defendant's motion to dismiss will be granted.

Plaintiff is a corporation organized and existing under the laws of the State of California with an office and place of business in St. Louis County, Missouri. Defendant is a corporation organized pursuant to the laws of the State of Massachusetts with its principal place of business in the State of Massachusetts. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

The facts relevant to the pending motion are as follows. The parties entered into negotiations concerning a lease of a storeroom located in a shopping center in Novato, California. The parties met in California to negotiate the terms of the lease and exchanged telephone calls and letters between California, Massachusetts and Missouri. On or about March 26, 1976, defendant executed the lease in California and Massachusetts and forwarded the written document to plaintiff's representatives in St. Louis, Missouri. Plaintiff signed the lease in St. Louis on April 1, 1976. Thereafter, plaintiff alleges that defendant breached the terms of the lease by unreasonably interfering with the conduct of plaintiff's business at the leased premises and by altering the tenant make-up at the shopping center.

Defendant has filed the instant motion to dismiss on the ground that this Court lacks personal jurisdiction over it. This Court agrees. Missouri's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant if the cause of action sued upon arose out of the defendant's performance of certain specified acts within the State of Missouri. Mo.Rev.Stat. § 506.500. One of the statutory grounds for jurisdiction is the making of a contract within this state, Mo.Rev.Stat. § 506.500(2). Plaintiff attempts to fall within the statutory framework by arguing that the parties entered into a contract within the State of Missouri. Specifically, plaintiff contends that it accepted the terms of the lease contract by signing the lease in the State of Missouri. Plaintiff argues that because the final act necessary to create the contract occurred in Missouri, the contract was created in this state within the meaning of Missouri's long-arm statute.

Defendant disputes the factual premise underlying plaintiff's contract theory. However, even accepting plaintiff's factual analysis for purposes of this motion to dismiss, a contract was not created in the State of Missouri for purposes of Missouri's long-arm statute. Missouri courts have construed the Missouri long-arm statute as establishing parameters which are coextensive with the requirements of due process. *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377 (Mo. en banc 1979). Due process requires that there be sufficient "mini-

mum contacts" between defendant and the State of Missouri such that the assertion of personal jurisdiction over it would be consistent with traditional notions of fair play and substantial justice. *Worldwide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159–160, 90 L.Ed. 95 (1945). In *Iowa Electric Light & Power Co. v. Atlas Corp.,* 603 F.2d 1301 (8th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980), the Eighth Circuit held that the mere entering into a contract with a forum resident does not provide the requisite contacts to satisfy due process. The Court held that "[t]o assess compliance with due process . . . the minimum contacts relied upon must be between the defendant and the forum state, not simply between the defendant and a resident of the forum state." *Id.* 603 F.2d at 1303, n. 3.

In the case at bar, defendant's contacts with the State of Missouri are so minimal that the assertion of personal jurisdiction over it would violate its due process rights. Specifically, defendant is not licensed to do business in Missouri, transacts no business in Missouri and maintains no office, employees or agents here. Defendant owns no property in Missouri and maintains no bank accounts in this state. Moreover, no representative of defendant came to Missouri in connection with this transaction and no negotiations occurred here. Finally, the lease contract itself concerned property in the State of California and the alleged breach occurred in that state. In fact, defendant's sole contact with this state was the mailing of a lease contract to plaintiff at its address in Missouri and interstate telephone calls and letters. These contacts are clearly insufficient to subject defendant to this Court's jurisdiction. *See, e.g., Iowa Electric Light & Power Co. v. Atlas Corp., supra; Breiner Equipment Co. v. Dynaquip, Inc.,* 539 F.Supp. 204, 206 (E.D.Mo.1982). Accordingly, defendant's motion to dismiss will be granted and plaintiff's cause of action will be dismissed without prejudice.