575 F.Supp. 785 (1983)
LUCHA, INC., Plaintiff,
v.
Edward GOEGLEIN and Christina Goeglein, Defendants.
No. 83-1607C(1).
United States District Court, E.D. Missouri, E.D.
December 28, 1983.
*786 William R. Bay, St. Louis, Mo., for plaintiff.
Mary M. Albert, Brighton, Ill., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants' motion to dismiss. Because both defendants and plaintiff submitted affidavits in support of their respective positions, and because said affidavits are "matters *787 outside the pleading," this Court must treat defendants' motion to dismiss as a motion for summary judgment. Fed.R. Civ.P. 12(b), 56. Although defendants did not submit any suggestions in support of their motion to dismiss, as required by E.D. Mo.R. 7(B), they assert six grounds for dismissing plaintiff's complaint: 1) failure to state a claim upon which relief can be granted; 2) lack of subject matter jurisdiction; 3) the amount in controversy does not exceed $10,000.00, exclusive of interest and costs; 4) improper venue; 5) lack of personal jurisdiction; and 6) forum non conveniens.
Plaintiff's cause of action arises out of a contract allegedly entered into between plaintiff and defendants which provided that defendants would rent and then purchase certain video and electronic equipment from plaintiff for $23,600.00. Count I alleges that defendants repudiated said contract, that plaintiff is now in possession of said equipment, that plaintiff will attempt to sell said equipment for the account of defendants, and that defendants are indebted to plaintiff for $23,600.00 plus its expenses of sale and attorneys' fees. Paragraph 1 of Count I alleges that plaintiff is a Missouri corporation with its principal place of business in Missouri. Paragraph 2 of Count I alleges that defendants are residents and citizens of Illinois. Paragraph 3 of Count I alleges that jurisdiction is based upon 28 U.S.C. § 1332 and that venue is proper under 28 U.S.C. § 1391. Count II alleges that defendants intentionally, maliciously and with intent to injure plaintiff, breached both an express agreement to prevent abuse and harm to the equipment and an implied agreement to use their best efforts to maximize the income from the equipment. Count II seeks $20,000.00 in actual and $50,000.00 in punitive damages.
Plaintiff submitted three affidavits. Each of these states that defendants and plaintiff negotiated and signed the contract in Missouri on February 4, 1983. Two of plaintiff's affidavits state that plaintiff is a Missouri corporation with its principal place of business in Missouri. Two of plaintiff's affidavits also state that the equipment in question was delivered to and picked up by defendants in Missouri. Defendants' affidavit does not controvert these assertions. Defendants' affidavit does state, contrary to plaintiff's affidavits, that the equipment in question was not returned in a damaged condition.
Defendants' contention that the complaint fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), is frivolous and wholly without merit. Count I clearly alleges breach of contract by repudiation. Count II alleges intentional and malicious breach of express and implied agreements with intent to injure plaintiff. Count II clearly can be read to state a claim of prima facie tort. Porter v. Crawford & Company, 611 S.W.2d 265 (Mo.App.1981). The failure of defendants to file any suggestions in support of their motion strongly implies that there is no basis for their contention and that defendants have interposed this ground solely for purposes of delay and annoyance.
Defendants' second and third grounds are also frivolous and unsupported by any authority. Plaintiff is a citizen of Missouri because it is incorporated under the laws of Missouri and has its principal place of business in Missouri. 28 U.S.C. § 1332(c). For purposes of this motion, this Court must accept as true plaintiff's allegation that defendants are citizens of Illinois. Defendants' affidavit does not suggest that they are not Illinois citizens or that they are Missouri citizens. Thus, this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1).
Defendants do state that the amount in controversy does not exceed $10,000.00, but do not support this assertion with any facts. A cursory examination of the contract reveals that more than $10,000.00 is in controversy. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).
Defendants' fourth ground, that venue is improper, is also frivolous and *788 without merit. Plaintiff alleges that it is a resident of Missouri and defendants do not challenge this allegation. Therefore, venue is not improper. 28 U.S.C. § 1391(a). Defendants' contentions that plaintiff also resides in Illinois or that the action arose in Illinois are irrelevant. Strick Corp. v. A.J.F. Warehouse Distributors, Inc., 532 F.Supp. 951 (E.D.Pa.1982).
Defendants' fifth ground, that this Court lacks personal jurisdiction over defendants, is without merit. The allegation, which defendants do not challenge, that defendants made a contract in Missouri is sufficient to bring them within Missouri's long-arm statute. § 506.500(2), R.S.Mo. (1978). Moreover, defendants' contacts with Missouri are sufficient to satisfy the requirements of due process. Breiner Equipment Co. v. Dynaquip, Inc., 539 F.Supp. 204 (E.D.Mo.1982). Defendants came into Missouri to make a contract and made a contract. They came into Missouri again to take delivery of the equipment. Defendants' contacts with Missouri were purposeful and they "should reasonably anticipate being haled into court [here]." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Therefore, defense of this suit by defendants does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Finally, defendants contend that this action must be dismissed because the forum is inconvenient. Apparently, defendants seek a transfer to the U.S. District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). However, defendants do not assert any facts in support of their contention. On the other hand, plaintiff chose a Missouri forum, Missouri law governs pursuant to the contract, plaintiff's principal place of business is in Missouri, the equipment is presently located in Missouri, and plaintiff asserts that its documentary evidence is located in Missouri and that its witnesses reside in Missouri. Under these circumstances, the factors enumerated in 28 U.S.C. § 1404(a) weigh overwhelmingly in favor of plaintiff. See generally Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); Mizokami Bros. of Arizona v. Mobay Chemical Corp., 660 F.2d 712 (8th Cir.1981); Wooldridge v. Beech Aircraft Corp., 479 F.Supp. 1041 (W.D.Mo.1979). Accordingly, defendants' sixth ground must also be rejected.
Plaintiff has moved this Court for an award of its attorneys' fees and costs incurred in responding to defendants' motion to dismiss. This Court is in agreement with plaintiff that the grounds raised by defendants in support of their motion to dismiss are frivolous, meritless, and unsupported by a good faith interpretation of the law. This inference is strongly supported by the fact that defendants did not file a memorandum of law elaborating on or supporting the general grounds raised in their motion to dismiss. Accordingly, this Court finds that defendants' motion was interposed in bad faith for purposes of delay and/or harassment and that plaintiffs are entitled to an award of its attorneys' fees and costs incurred in connection with responding to defendants' motion. Fed.R. Civ.P. 11.[1] The burden of these sanctions shall be borne by defendants and their attorney equally.
NOTES
[1] The imposition of sanctions under Rule 11 must comport with due process requirements. Rule 11, Notes of Advisory Committee on Rules (1983); Miranda v. Southern Pacific Transportation Co., 710 F.2d 516, 522-23 (9th Cir.1983). In the present case defendants received the process they were due. Defendants received notice of plaintiff's motion for fees and costs on October 24, 1983. To date defendants have neither responded nor attempted to explain or justify their position, despite an adequate opportunity to do so.