**IDEAL BASIC INDUSTRIES, INC., Plaintiff,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant.**

**Civ. A. No. 84–K–1073.**

United States District Court, D. Colorado.

Aug. 28, 1984.

Dale R. Harris, Alan M. Loeb, Davis, Graham & Stubbs, Denver, Colo., for plaintiff.

Donald E. Lively, David J. Richman, Coghill & Goodspeed, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this action, Ideal Basic Industries, a Colorado corporation, alleges breach of a contract insuring its potash mine and refining facility located near New Brunswick, Canada. The case is now before me on the

motion of the insurer, American Home Assurance Company, a New York corporation, to dismiss based upon the doctrine of *forum non conveniens.*

Ideal's complaint prays for almost $2 million (U.S. Dollars) because of faulty arches used in the construction of a large warehouse, insured by American, located at the New Brunswick potash facility. In a related action, Ideal has brought suit against the engineers and contractors who constructed the warehouse. That action was filed in the court of the Queens Bench in Fredricton, New Brunswick, Canada. This separate action, which focuses primarily on the insurance contract, arises out of American's claim that it is not bound as the insurer because the damages to the warehouse resulted from faulty workmanship, material, construction or design for which it is not liable.

Although it acknowledges that venue and jurisdiction are proper in this court, American argues that this case would be tried more efficiently and effectively in New Brunswick. American points to the related litigation in New Brunswick to suggest that the issues and evidence are more easily evaluated in Canada. American notes that the building in question and many potential witnesses are located in New Brunswick. Moreover, American suggests that trying similar cases in two separate jurisdictions is wasteful of judicial resources.

 The theory of *forum non conveniens* allows a court to decline jurisdiction when a case could be tried more easily, expeditiously and frugally in another forum. *See, generally, Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). The principal is

similar to the provision of transfer from one federal court to another under 28 U.S.C. § 1404(a) and has been used to dismiss an action from a federal court when trial in another country would be more appropriate. *See Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp.,* 660 F.2d 712 (8th Cir.1981); *Panama Processes, S.A. v. Cities Service Co.,* 650 F.2d 408 (2d Cir.1981). *Contra Lehman v. Humphrey Cayman, Ltd.,* 713 F.2d 339 (8th Cir.1983); *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62 (2d Cir.1981). Dismissal under the doctrine of *forum non conveniens* is within the sound discretion of the trial court, but the plaintiff's choice of forum is preferred. Relevant to my determination are various public and private interests. Among the private interests of the parties are the availability of witnesses, access to other sources of evidence, and enforceability of judgments. The public concerns include efficient adjudication avoiding court backlog and allowing citizens access to trials of local concern.[1] *Gilbert, supra,* 330 U.S. at 508–9, 67 S.Ct. at 843.

Unlike *Mizokami Bros.* or *Panama Processes* the situation here does not compel trying this case in a foreign court. The legal issues do not require examination of Canadian history or unique economic or political conditions, nor does the law of another country predominate. *See Panama Processes, supra,* at 411–12. To the extent Canadian legal issues may arise they will be applied. Federal courts are accustomed to applying the law of various jurisdictions. *See Lehman, supra,* at 345. Ideal's complaint does not pray for injunctive relief in the form of supervision of a company's operations in a single foreign country. *See Panama Processes, supra,*

---

**1.** While docket backlog is a significant problem in this district, there is no evidence that this case would be more expeditiously tried in New Brunswick. Plaintiff suggests that forcing a joinder with the existing action in New Brunswick would significantly delay that action and this one. Moreover, there is little concern, as the court noted in *Gilbert,* that litigants will be tempted, *en mass,* to shift their litigation from New Brunswick to the District of Colorado.

While the quality of work of local builders may be of sufficient interest to individuals living in New Brunswick to justify trying those issues in a locale where citizens of Canada may easily view the proceedings, no similar concern arises in the litigation of an insurance contract between two United States corporations.

at 413. Awarding damages is well within the capacities of this court. Also, this case will not require the translation of numerous documents into English. *See Mizokami Bros., supra,* at 718.

The strongest argument posited for my dismissing this case is that much of the physical evidence and many of the witnesses are not located in Denver. The facts, however, still weigh in favor of my retaining jurisdiction. Physical evidence in the form of scale models and photographs are no different if presented here or in New Brunswick. Witnesses are not concentrated in New Brunswick but are located throughout the United States and Canada. *See, e.g.,* Affidavit of John M. Hanson appended to plaintiff's brief. Extensive travel for the purposes of discovery or presentation of evidence at trial will be required wherever the case is heard. The Federal Rules of Evidence aid this process by the use of depositions and stipulations regarding discovery procedures. Fed.R.Civ.P. 28 and 29. Moreover, modern means of travel and communication make the location of witnesses less important today than in 1947 when the Supreme Court decided *Gilbert. See Manu International, supra,* at 65. Although not dispositive, trying the case in the residence of one of the parties remains an important factor. *See Id.* at 67.

■ Finally, American is concerned that it will be unable to implead the contractors and designers of the warehouse, those parties who may ultimately be responsible for damages. Any claims American may have against these third parties are ancillary to the contract dispute with Ideal. My retaining jurisdiction will not preclude impleader, if possible, nor will it preclude a separate suit by American. Impleader is designed as a matter of convenience and discretion and not as a tool to disturb jurisdiction. *See Lehman, supra,* at 343.

■ For whatever reason, be it jurisdictional or strategic, Ideal has chosen to proceed against the builders of its warehouse in Canada and against the insurer in this court. Additional costs from duplicative efforts will be incurred mostly by Ideal.

In the absence of a clear demonstration that this forum is less convenient than New Brunswick I will not dismiss the case.

The defendants motion to dismiss based upon the doctrine of *forum non conveniens* is denied.

IT IS ORDERED that the defendant shall answer the complaint on or before September 14, 1984.