**Gary WHITE, Plaintiff,**

v.

**John J. WALSH, Administrator of the Estate of Robert J. Walsh, Deceased, Defendant.**

**No. 79–784C(1).**

United States District Court, E.D. Missouri, E.D.

July 19, 1985.

---

Larry B. Luber, St. Louis, Mo., for plaintiff.

Edward S. Meyer, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

Plaintiff Gary White brought this action under 42 U.S.C. §§ 2000a, 1983 and 1985, against the administrator of the estate of the attorney who defended him against criminal charges. Plaintiff alleges that his attorney, Robert J. Walsh conspired with the prosecutor, the trial judge, the court reporter and the deputy sheriff to deprive him of certain constitutional rights on the basis of his race.

This case was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses and the documents in evidence, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by

Rule 52 of the Federal Rules of Civil Procedure. *Fed.R.Civ.P.* 52.

## A. FINDINGS OF FACT

1. Plaintiff Gary White is a black, male resident of Missouri.

2. Defendant John J. Walsh is a resident of the State of Missouri and is the duly appointed administrator of the Estate of Robert J. Walsh, deceased.

3. Robert J. Walsh, deceased, was a private attorney who was appointed to represent plaintiff in Cause No. 74–2107–B in the Circuit Court of the City of St. Louis, Missouri.

4. Plaintiff Gary White was convicted on October 14, 1975, of the offense of robbery in the first degree by means of a dangerous and deadly weapon and was sentenced to 25 years in the Missouri Department of Corrections. On April 5, 1977, the Missouri Court of Appeals affirmed the conviction in all respects. *State v. White*, 549 S.W.2d 914 (Mo.App.1977). Plaintiff actually served eight years with the Department of Corrections for this conviction.

5. Robert J. Walsh, deceased, represented Gary White in both the trial leading up to the conviction and in the appeal which followed.

6. Daniel Murphy is a resident of the State of Missouri and was the Assistant Prosecuting Attorney who represented the State of Missouri in the criminal trial of Gary White.

7. Nancy Kutta is a resident of Missouri and was the Official Court Reporter in Division 21 of the Circuit Court of the City of St. Louis, State of Missouri, during plaintiff's criminal trial. Ms. Kutta also prepared the transcript of Cause No. 74–2107–B.

8. Edward Havlik is a resident of the State of Missouri, and a Deputy Sheriff for the City of St. Louis. He was assigned to Division 21 of the Circuit Court of the City of St. Louis during plaintiff's criminal trial.

9. Judge Lackland Bloom is a resident of the State of Missouri. He was the Presiding Judge, Division 21, of the Circuit Court of the City of St. Louis, and presided over the trial of Gary White in Cause No. 74–2107–B.

10. Plaintiff Gary White was present during the entire voir dire examination of the jury panel in his criminal trial. It was the policy of Judge Bloom to require the presence of all criminal defendants during voir dire examination and to order their removal from the courtroom when the attorneys prepared the actual jury lists and exercised their strikes. Judge Bloom did not deviate from this policy in the case of Gary White's. Mr. White was not removed from the courtroom prior to the completion of voir dire.

11. Attorney Walsh never discussed his strikes with Judge Bloom or with Prosecutor Murphy.

12. An all Caucasion jury was selected to judge plaintiff's case.

13. The only evidence offered by plaintiff in support of his claim that his arrest was unlawful was his own testimony that he did not receive a lineup and that he was identified by the victim at the scene in an unduly suggestive manner. Neither Attorney Walsh, Prosecutor Murphy nor Judge Bloom acted to conceal any facts concerning plaintiff's arrest, however.

14. The only evidence presented by Gary White in support of his contention that Walsh was instrumental in suppressing testimony favorable to him and in denying him access to a necessary witness, was his own testimony. Mr. White told this Court that he communicated a desire to have his co-defendant, Amos Ingram testify, and that Mr. Ingram did not testify. In addition, White asserts that the victim did not immediately identify him at a preliminary hearing. The transcript of the preliminary hearing was not available, however, at the time of trial. There is no evidence that Walsh was responsible for the unavailability of the preliminary hearing transcript.

15. Nancy Kutta did not prepare a transcript which falsely reflected plaintiff's presence during jury selection. Nor were

plaintiff's objections omitted from the transcript. Ms. Kutta did not rearrange the order of testimony within the transcript, and she did not misquote plaintiff.

16. Robert Walsh failed to notify plaintiff that the Missouri Court of Appeals affirmed his conviction on appeal.

## B. CONCLUSIONS OF LAW

This Court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1331 and 1343. The evidence presented by plaintiff at the trial was offered to establish that his attorney, Robert J. Walsh, participated in four separate conspiracies relating to plaintiff's criminal trial. Plaintiff asserts that he was discriminated against on the basis of race, and was deprived of several constitutional rights including rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States as a result of his attorney's actions. He brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 2000a.

Defendant Walsh first argues that the doctrine of collateral estoppel serves as a bar to the allegations contained in Count II. In Count II, plaintiff alleges that Robert Walsh, Daniel Murphy and Judge Lackland Bloom conspired to conceal an unlawful arrest, suppress testimony favorable to plaintiff, and deny plaintiff the opportunity to present a necessary witness. Plaintiff maintains that his arrest was unlawful because the identification procedures employed were too suggestive. He argues that the testimony of his co-defendant, Amos Ingram was suppressed and would have been favorable to him. Amos Ingram is the necessary witness which plaintiff likewise refers to in Count II of the complaint. On direct appeal, the Missouri Court of Appeals held that the identification procedures used against plaintiff were not unduly suggestive, and that the refusal of the court to allow the testimony of Amos Ingram was not error. *State v. White,* 549 S.W.2d at 917–18.

■ It is well settled that collateral estoppel may bar the relitigation of constitutional claims in civil rights actions when they are fully and fairly litigated in a prior state criminal proceeding. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984). In determining whether to apply collateral estoppel, the Court must consider whether (1) the issue decided in the prior adjudication is identical to the issue in the present action; (2) that prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with the party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Insurance Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979); *Retirement Board of the Police Retirement System v. Noel,* 652 S.W.2d 874, 877–78 (Mo.App. 1983). The only factor which is in dispute is whether the issues decided by the Missouri court are identical to those raised by plaintiff in Count II.

■ This Court concludes that the issues are identical and that collateral estoppel does serve as a bar to the claims raised by plaintiff in Count II. The Missouri Court of Appeals determined that plaintiff's asserted reason for an unlawful arrest, the identification procedures employed, did not in fact render his arrest unlawful. In addition, the court held that plaintiff's constitutional right to a fair trial was not violated by the failure of the court to allow Amos Ingram to testify. The issues presented by the Court of Appeals are integral to resolving the question at hand. There cannot be a conspiracy to conceal an unlawful arrest or to suppress testimony favorable to plaintiff in the absence of an unlawful arrest or a right to present such favorable testimony. Thus, this Court holds that collateral estoppel bars Count II of plaintiff's complaint and defendant is entitled to judgment on this claim.

■ With respect to the remainder of the claims, the focus of plaintiff's complaint is that Robert Walsh conspired with

various officials to deprive plaintiff of his constitutional rights in violation of 42 U.S.C. § 1985. In order to sustain a cause of action under this section, however, plaintiff must prove the existence of a conspiracy. *Doherty v. American Motors Corp.,* 728 F.2d 334, 339 (6th Cir.1984); *Occhino v. Northwestern Bell Telephone Co.,* 675 F.2d 220, 225 (8th Cir.1982), *cert denied* 457 U.S. 1139, 102 S.Ct. 2971, 73 L.Ed.2d 1358 (1982). A conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." The principle elements of the offense are an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. *Mizokami Brothers of Arizona, Inc. v. Mobay Chemical Corp.,* 660 F.2d 712, 718 n. 8 (8th Cir.1981). *See also Rotermund v. United States Steel Corp.,* 474 F.2d 1139, 1145 (8th Cir.1973). Civil conspiracy claims thus rest upon the underlying substantive wrong. *Mizokami,* 660 F.2d at 718 n. 8.

■ This Court concludes that plaintiff's evidence falls far short of establishing a conspiracy under 42 U.S.C. § 1985. His own witnesses, Judge Lackland Bloom, Nancy Kutta, Daniel Murphy and Deputy Sheriff Havlik each verified that they did not formulate an agreement to inflict injury upon Gary White. Plaintiff's sole evidence in support of his claim is his own testimony, as his other witnesses failed to corroborate his assertions. Plaintiff testified that he was removed from the courtroom sometime during the jury selection process and returned to find an all white jury; that voir dire, opening statements and closing arguments were omitted from the original transcript; that discussions made in chambers were excluded from the transcript; that the court number assigned to the case on appeal was changed; that plaintiff's objections were not properly recorded; that Amos Ingram was not allowed to testify; that Attorney Walsh did not have a copy of the preliminary hearing transcript during plaintiff's trial; that all of the issues contained in plaintiff's motion for new trial were not included in Mr. Walsh's appellate brief; that Mr. Walsh had no further contact with plaintiff following the conviction; that Mr. White was not guilty because his co-defendant was released; that plaintiff did not receive a lineup and the identification at the scene was unduly suggestive; that a warrant for plaintiff's arrest was not issued until nine days after his arrest; that the trial court did not hear Mr. White's pre-trial motions until immediately prior to the trial; that the transcript inaccurately reflects plaintiff's presence during the trial; and that the co-defendant was not convicted. This evidence does not establish even the inference of a conspiracy between the various officials named by Mr. White, however.

■ This Court also concludes that plaintiff is not entitled to relief under § 1983 or § 2000a. Plaintiff was not deprived of any right or privilege guaranteed by the Constitution or the laws of the United States, and there is no evidence that he was discriminated against on the basis of race. There is no indication that Robert J. Walsh, Sheriff Havlik or Judge Bloom caused plaintiff to be removed from the court during the jury selection proceedings in violation of plaintiff's constitutional rights. He was present during voir dire examination. Attorney Walsh and Daniel Murphy did not conspire to select an all white jury. Furthermore, Nancy Kutta, Daniel Murphy and Robert J. Walsh did not conspire to sign a transcript which was false. Nor did Prosecutor Murphy act to discriminate and to conceal an unconstitutionally selected jury.

Finally, although this Court held that Count II is barred by the doctrine of collateral estoppel, plaintiff has not established that Attorney Walsh, Daniel Murphy or Judge Lackland Bloom conspired to conceal plaintiff's unlawful arrest to suppress testimony favorable to plaintiff or to deny plaintiff a necessary witness. Thus, Count II must fail for lack of proof as well.

For these reasons, plaintiff has not established a right to damages against defendant. The evidence was extremely

**330**

weak and the Court deems the action to be frivolous. Not only was this Court compelled to expend time on plaintiff's evidence, but state judicial resources were at stake, as well. A judge, a prosecuting attorney, a sheriff and a court reporter all made their appearances. This case represents a prime example of the wasteful use of judicial resources.