715 F.Supp. 270 (1989)
Jayne REID-WALEN and Gary Walen, Plaintiffs,
v.
Leroy HANSEN and Irene Hansen, d/b/a Yellowbird Sea-Tel, Defendants.
No. 89-0161C(6).
United States District Court, E.D. Missouri, E.D.
July 13, 1989.
Robert Bergin, Bergin & Culler, West Palm Beach, Fla., for plaintiffs.
Michael Kennedy, Peterson, Fogarty & Bernard, West Palm Beach, Fla., and John Quinn, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for defendants.

*271 MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendants Leroy and Irene Hansen, d/b/a Yellowbird Sea-Tel ("Hansens") to dismiss this action pursuant to the doctrine of forum non conveniens.
Plaintiff Jayne Reid-Walen and Gary Walen ("Walens"), residents of Minnesota, seek recovery for injuries sustained in a boating accident which occurred while plaintiffs were vacationing at the Hansens' cluster of cottages in Negril Beach, Jamaica. The Hansens reside in Centralia, Missouri for five months of the year and in Jamaica for the remainder of the year. The Walens originally filed this suit in the United States District Court for the Southern District of Florida. Because venue was not proper in that district, the Florida court transferred the case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a).
"The principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses the action should be tried in another judicial forum." Mizokami Bros. of Arizona v. Mobay Chemical Corp., 660 F.2d 712, 717 (8th Cir.1981) (quoting Dahl v. United Technologies Corp., 632 F.2d 1027, 1029 (3d Cir. 1980)). Forum non conveniens requires a court to choose between at least two forums in which defendant is subject to process on the basis of criteria which take into account the private and public interests at stake. See Mizokami Bros., 660 F.2d at 717. The court must balance the preference accorded plaintiff's choice of forum with the burdens of litigating at an inconvenient venue. Id. at 718.
The Supreme Court has suggested that the following factors are relevant to a forum non conveniens inquiry.
Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility (sic) of a judgment if one is obtained.... Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself.
Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).
An additional factor to be considered is the citizenship of the parties. A plaintiff's status as a United States citizen, although a relevant factor, is not conclusive and will not preclude forum non conveniens dismissal. Mizokami Bros., 660 F.2d at 718 n. 9. Citizenship is "at best an imperfect proxy for other ... convenience factors." Id.
In this case all of the relevant events with the exception of Jayne Walen's hospitalization occurred in Jamaica. All of the occurrence witnesses except plaintiffs reside in Jamaica and it would be prohibitively expensive to obtain their attendance in Missouri. Defendants apparently admit that they are subject to the jurisdiction of Jamaican courts. Moreover, defendants assert that their business insurance provides coverage and pays expenses and fees only when the action is brought in the courts of Jamaica.
An examination of the private interest and public interest factors enumerated in Gilbert also points to Jamaica rather than Missouri as the most convenient forum in which to decide this case. Defendants contend *272 and plaintiffs have not disputed that compulsory process for the attendance of witnesses is available in Jamaica. The relative ease of access to sources of proof favors Jamaica as does the possibility of a view of the premises.
With respect to the choice-of-law determination, the Court concludes that Jamaican law should be applied in this tort action. Under the most significant relationship rule set forth in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 145 & 146 (1969) and adopted by the Missouri Supreme Court in Kennedy v. Dixon, 439 S.W.2d 173 (Mo.1969), the following contacts with the forum are to be considered:
(a) the place where the injury occurred;
(b) the place where the conduct causing the injury occurred; and
(c) the place where the relationship of the parties is centered.
With respect to each of these contacts, Jamaica rather than Missouri is the relevant location. Moreover, § 146 of the RESTATEMENT (SECOND) OF CONFLICT OF LAW provides that in a personal injury action "[t]he local law of the state where the injury occurred determines the rights and liabilities of the parties." Thus, under both § 145 and § 146 Jamaica has the most significant relationship to this action and its law should apply.
The final factor to be considered is the burden of imposing jury duty on a Missouri community which has no significant relationship to this litigation.
On the opposite side of the balance are two factors: plaintiffs' United States citizenship and defendants' residence in Missouri for five months of each year. Neither of these factors is particularly weighty, in light of the numerous factors which point to Jamaica as the most convenient forum for the resolution of this dispute. Accordingly, the Court concludes that a dismissal of this action on the basis of forum non conveniens would be proper.
Assuming that the appropriate Jamaican court will not refuse to accept jurisdiction over the matter, this Court grants defendants' motion to dismiss on ground of forum non conveniens subject to the following: (1) the Hansens' consent to submit to the jurisdiction of the Jamaican courts; (2) the Hansens waive any statute of limitations defense that may have arisen since the commencement of this action in the Southern District of Florida; (3) the Hansens agree to make available in Jamaica all witnesses and documents within their control; and (4) the Hansens agree to satisfy any judgment awarded in Jamaican courts. See Mizokami, 660 F.2d at 719 (citations omitted).

ORDER
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiffs' complaint be and it is granted subject to the conditions stated in the Court's memorandum.
IT IS FURTHER ORDERED that defendants shall notify the Court, in writing and no later than thirty (30) days from this date, of their consent to the aforementioned conditions.
IT IS FURTHER ORDERED that the dismissal of this action shall take effect at such time as defendants file with the Court proof of their consent to these conditions.