**SAUDI AMERICAN BANK, Appellant,**

v.

**Suad H. AZHARI, a/k/a Suad Abukhadra, et al., Respondents.**

**No. C7–90–868.**

Court of Appeals of Minnesota.

Sept. 11, 1990.

Lynn B. Noland, James Y. Prichard, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, for appellant.

David Y. Trevor, Charles R. Shreffler, Dorsey & Whitney, Minneapolis, for respondents.

Considered and decided by GARDEBRING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant's original suit against respondents in Hennepin county was dismissed on the grounds of forum non conveniens and was not appealed. Following proceedings in Saudi Arabia, from which respondent Suad Abukhadra was voluntarily dismissed and to which respondent Codeco International was not a party, appellant again brought suit against respondents in Hennepin county. Respondents' motion to dismiss on the grounds of res judicata and/or collateral estoppel was granted. Appellant argues that application of collateral estoppel was improper because the issue was not identical and there was no judgment on the merits. We affirm.

## FACTS

The Abukhadra family consisted of Najati, his wife respondent Suad Azhari Abukhadra, and their sons Hashem, Anas, and Omar. Najati and Hashem formed a partnership which borrowed about $4.5 million from appellant Saudi American Bank (SAMBA). They each signed a guarantee which included the provision that

> [t]he Board for the Settlement of Commercial Disputes at Riyadh (or Jeddah) shall be the authority to decide any dispute which may arise in the interpretation or implementation of this guarantee.

The partnership owned a Minnesota corporation, respondent Codeco International, whose sole shareholder, officer and director was Najati, and whose sole asset was a 57–acre lakeshore estate near Orono, Minnesota. Following Najati's death in 1984, appellant attempted to collect on the loans. Respondent Suad Abukhadra succeeded her late husband as president of respondent Codeco International, and allegedly transferred its lakeshore estate to herself for about $1,000. Appellant sued respondents and the Abukhadra brothers in Hennepin county, alleging the diversion of the assets of the businesses on whose behalf the loans had been made and the fraudulent transfer of the lakeshore estate. This action was dismissed in 1987, pursuant to respondents' motion asserting both forum non conveniens and the existence of a mandatory forum selection clause in the loan documents. The dismissal was not appealed.

Appellant then sued the Abukhadras before the newly created Saudi Arabian Banking Disputes Committee.[1] Prior to the hearing, Suad Abukhadra was voluntarily dismissed by appellant. In March, 1989, the Committee found that the Hashem and Anas Abukhadra Company owed appellant $4,620,000. Appellant docketed that judgment in Hennepin county in May, 1989; the writ of execution on it was returned as wholly unsatisfied in August, 1989. Appellant has brought action against Hashem and Anas Abukhadra Company in Hennepin county to collect that judgment. In October, 1989, appellant also brought action against Suad Abukhadra and Codeco International in Hennepin county, alleging that the fraudulent transfer of the lakeshore estate to Suad Abukhadra rendered Codeco International and the Hashem and Anas Abukhadra Company insolvent. Respondents' motion to dismiss this suit was brought before a judge different from the judge who had granted the 1987 dismissal; the motion was granted on grounds of collateral estoppel.

## ISSUE

■ Did the trial court err in determining that an action dismissed on the basis of forum non conveniens was barred by the doctrine of collateral estoppel?

## ANALYSIS

Whether collateral estoppel is available is a mixed question of law and fact subject to *de novo* review; once it is determined that collateral estoppel is available, the decision to apply the doctrine is left to the trial court's discretion.

---

1. The Board for the Settlement of Commercial Disputes named in the guarantee no longer existed.

*Regents of University of Minnesota v. Medical Inc.*, 382 N.W.2d 201, 207 (Minn. App.1986) (emphasis added), *cert. denied* 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282. This court must first determine whether collateral estoppel was an option available to the trial court. If so, the exercise of that option can be reversed only upon a determination that the trial court abused its discretion.

*Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 902 (Minn.1984), found collateral estoppel applicable where:

(1) the issue was identical to one in a prior adjudication;

(2) there was a final judgment on the merits;

(3) the estopped party was a party or in privity with a party to the prior adjudication; and

(4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Appellant challenges the application of collateral estoppel by alleging both that the issue in this action is not identical to that in the 1987 action and that there has been no adjudication on the merits.

[A] prior forum non conveniens dismissal precludes relitigation of only those issues of law and fact actually litigated and necessary to the [prior] decision.

*Mizokami Bros. of Arizona v. Mobay Chemical Corp.*, 660 F.2d 712, 715 (8th Cir.1981). The inappropriateness of Minnesota as a forum was an issue of law and fact whose determination was necessary to the forum non conveniens dismissal. By now asserting that Minnesota is an appropriate forum, appellant is in effect attempting such precluded relitigation.

Appellant argues that the facts which supported the 1987 forum non conveniens dismissal have changed appreciably, and cites *Mizokami* to support its argument that the changed facts mean there is no identical issue. Appellant's reliance on *Mizokami* is misplaced. In *Mizokami* the United States district court in Arizona issued a forum non conveniens dismissal, which was confirmed by the ninth circuit. The suit was then brought in the United States district court in Missouri, which granted summary judgment on the basis of res judicata. On appeal to the eighth circuit, summary judgment was reversed and the court reasoned that:

The convenience of the Arizona forum had been fully litigated and finally determined. Under the rules of issue preclusion Mizokami may not reopen that issue here. * * * The dismissal is conclusive, however, only as to the availability of an Arizona forum.

*Mizokami*, 660 F.2d at 716 (citations omitted). *Mizokami* held that an issue could not be reopened in the same forum which had dismissed it for forum non conveniens, but it could be reopened elsewhere. Here, appellant wishes to reopen the issue in the same forum which dismissed it. *Mizokami*, while not binding upon this court, is persuasive. If a forum non conveniens dismissal is not conclusive in the forum which grants it, it is essentially meaningless.

Appellant also cites *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963), which held that a prior state court forum non conveniens dismissal did not preclude a federal court from ruling on a motion to transfer the case.

[S]ince the material facts underlying the application of these criteria in each forum were different in several respects, principles of res judicata are not applicable to the situation here presented.

*Parsons*, 375 U.S. at 73, 84 S.Ct. at 186. However, *Parsons* can be distinguished on the same grounds as *Mizokami:* it involved relitigation in another forum.

■ Appellant also argues that the claims against respondents have never in fact been litigated, and therefore there has been no final judgment on the merits. In support of its argument, appellant cites Minn.R.Civ.P. 41.02(c) which provides:

Unless the court specifies otherwise in its order, a dismissal under this rule and any dismissal not provided for in this rule or in Rule 41.01, *other than a dismissal* for lack of jurisdiction, *for forum non conveniens*, or for failure to join a

party indispensable under Rule 19, operates as an adjudication upon the merits. (Emphasis added.) Respondents counter by citing Minn.R.Civ.App.P. 103.03(e) and arguing that a forum non conveniens dismissal is appealable as an "order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." The trial court agreed with the position urged by respondent, as do we. The 1987 order for dismissal was an order that determined the action. No judgment was available to the parties. Therefore, the dismissal order was final as to the one issue litigated: the forum non conveniens issue. That order could have been appealed. It was not.

■ Having determined that the doctrine of collateral estoppel was available as an option to the trial court in its 1989 consideration of this case, we must determine whether the exercise of that option was an abuse of discretion. Appellant argues that application of collateral estoppel here resulted in an injustice. *See Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608 (Minn.1988). We cannot agree. Rather, we conclude that appellant has been the victim of two of its own decisions.

First, *Mizokami* was available to appellant at the time of the 1987 forum non conveniens dismissal and may have furnished a very workable solution for these parties, namely dismissal conditional upon the availability and feasibility of a foreign forum. *Mizokami*, 660 F.2d at 719. There is no indication that appellant ever requested such a conditional dismissal, or took any steps to keep open a possibility of returning to Minnesota courts if, in fact, a hearing on the merits could not be had in Saudi Arabia.[2]

■ Second, as noted earlier in this opinion, appellant did not appeal the forum non conveniens dismissal in 1987. The 1989 trial court, in applying the doctrine of collateral estoppel, observed:

> [Appellant] chose not to appeal [the] dismissal of its earlier action, as it had a right to do under Minnesota law. In-

stead, it submitted to the judge's ruling and brought its case in Saudi Arabia. By its actions, [appellant] waived its right to appeal the prior decision or to reopen the matter in this court.

There is no merit in appellant's argument that the 1987 forum non conveniens dismissal was a dismissal without prejudice and therefore not appealable. While appellant did move the trial court that such a distinction be made, that motion was denied as untimely. Clearly the dismissal was with prejudice as to the question of forum. In a case involving dismissal based on lack of jurisdiction, the Minnesota Supreme Court has stated:

> It is doubtful that an order dismissing a cause of action without prejudice * * * is appealable * * *. However, the order dismissing [appellant's] cause of action in the case at bar is final as to its right to bring this action in Minnesota, and, in effect, is a dismissal with prejudice so far as [appellant's] rights in this state are concerned.

*Branstrom & Associates, Inc. v. Community Memorial Hospital*, 296 Minn. 366, 367 n. 1, 209 N.W.2d 389, 390 n. 1 (Minn. 1973). This case is indistinguishable from *Branstrom*. The trial court did not abuse its discretion in applying the doctrine of collateral estoppel in this matter.

### DECISION

The trial court did not err in concluding that collateral estopped was applicable here, and did not abuse its discretion in applying it.

Affirmed.

---

2. We note also that Suad Abukhadra, respondent here and originally a party to the action in

Saudi Arabia, was voluntarily dismissed from that action by appellant.