Ford Motor Credit Company ("FMCC"), Deep South Recovery of Dothan, Inc. ("Deep South"), and Universal Underwriters Life Insurance Company ("Universal"), defendants in an action pending in the Barbour Circuit Court, petition for a writ of mandamus directing the trial judge to dismiss that action. These mandamus petitions present a single question — a question we cannot answer from the materials before us: When a circuit judge, applying the doctrine of forum non conveniens, dismisses a pending action, without prejudice, on the ground that the State of Florida would be a more convenient forum, is the plaintiff, an Alabama resident who contends that since the dismissal was entered her health has deteriorated significantly and to the point that she is having to undergo cancer treatments and that it would impose a difficulty for her to pursue her claims in a Florida court, precluded from filing another action in the same circuit court, presenting the same claims? The answer to this question depends upon the legal effect of two separate orders entered by two circuit judges.
The first action was dismissed by then Circuit Judge Thomas Gaither by an order that read as follows:
"ORDER
 "This cause came before the Court on the motions to dismiss filed by defendants Universal Underwriters Life Insurance Company, Ford Motor Credit Company and Deep South Recovery pursuant to the doctrine of forum non conveniens as codified in Ala. Code § 6-5-430. This Court finds that this case would be more appropriately tried in the State of Florida pursuant to the requirements of Ala. Code § 6-5-430. Accordingly, this Court finds that the defendants' motions to dismiss are due to be and are hereby GRANTED and ORDERS that this action is hereby DISMISSED without prejudice, each party to bear its own costs. The motion for summary judgment filed by defendants Ford Motor Credit Company and Deep South Recovery have been withdrawn without prejudice.
"DONE AND ORDERED this 11th day of March, 1998.
"/s/ W. Thomas Gaither
"Circuit Court Judge"
The plaintiff's second action was assigned to Circuit Judge Burt Smithart, who had succeeded Judge Gaither. Judge Smithart denied the defendants' motion to dismiss the second action, stating:
 "Since the court did not specify that the decision based upon Defendants' forum non conveniens arguments in the first lawsuit was final, or being made with prejudice, the Plaintiff has the right to re-file the lawsuit anywhere venue is proper, including Barbour County, Alabama.
 "In opposing Defendants' Motion to Dismiss, Plaintiff additionally argues that due to her recent diagnosis of breast cancer in a breast not previously affected by cancer, Defendants' Motion should also be denied on the basis that the identical facts have not been previously litigated. Given the above ruling, the Court does not address Plaintiff's argument on this point."
(Emphasis added.)
After carefully considering the law relating to the dismissal of an action on the ground of forum non conveniens, we hold *Page 439 
that the dismissal order entered by Judge Gaither, although it used the words "without prejudice," was a final order; therefore we issue a writ of mandamus requiring further proceedings, but, because Judge Smithart, in the action out of which these petitions arose, did not address the plaintiff's argument on the effect of the change the plaintiff alleges has occurred in her health condition, we do not, at this time, direct the trial court to dismiss the pending action. We direct the circuit court to address whether the alleged change in the plaintiff's health condition should be considered in determining whether the second action should be dismissed on the ground of forum non conveniens.
 Facts and Procedural History
For a better understanding of the reason we reach the judgment we do, we set out the facts and the law we believe to be applicable. On February 17, 1996, Inese A. Ford and her husband, Harold G. Phillips, bought a 1990 Chrysler New Yorker automobile from the Deland Lincoln-Mercury automobile dealership in Orange City, Florida. Both Ford and Phillips signed a retail installment contract with FMCC to finance the purchase of the automobile. Ford alleges that an employee or employees of the dealership, acting as an agent or agents of FMCC and/or Universal, represented to her and her husband that a credit-life insurance policy they were issued would pay the outstanding amount that Ford and Phillips owed under the finance agreement in the event Phillips died.
Ford subsequently moved from Florida to Eufaula, Alabama, where she began undergoing treatment for breast cancer. When her husband later died, she filed a claim with Universal for benefits under the credit-life insurance policy. Universal denied the claim. Ford alleges that FMCC, acting through Deep South, which she alleges was FMCC's agent, repossessed her automobile.
Ford sued FMCC, Deep South, and Universal in the Barbour County Circuit Court. FMCC and Deep South moved to transfer the action to the Houston County, Alabama, Circuit Court. In the alternative, they moved for a transfer to a Florida court or for a summary judgment. Universal moved to dismiss the action under the provisions of § 6-5-430, Ala. Code 1975, Alabama's forum non conveniens statute. On March 12, 1998, Judge Gaither entered the order set out above, dismissing the action, without prejudice, based on his finding "that this case would be more appropriately tried in the State of Florida pursuant to the requirements of Ala. Code [1975,] § 6-5-430." The plaintiff did not appeal from that order.
On May 26, 1999, approximately 13 months after Judge Gaither had entered the dismissal order, Ford filed the action now pending in the Barbour County Circuit Court. Her complaint in that second action stated the same causes of action she had stated in the previously dismissed action. The defendants moved to dismiss the action under the provisions of Ala. Code 1975, § 6-5-430. Judge Smithart orally denied the motion, in open court. He subsequently issued a written order, dated October 1, 1999, denying the defendants' motions to dismiss. FMCC, Deep South, and Universal then filed these petitions for the writ of mandamus.
 Discussion
An order dismissing an action under the provisions of Ala. Code 1975, § 6-5-430, is appealable. See Donald v. Transport Life Ins. Co.,595 So.2d 865 (Ala. 1992). Thus, when Judge Gaither dismissed Ford's first action on March 12, 1998, Ford had the right to appeal. She did not do so.
The defendants, here as petitioners, argue that Ford was free to file her claims in a Florida court but was not free to refile them in an Alabama court. They argue, in essence, that the question of forum nonconveniens was litigated and determined in the previous action and that, as a consequence, *Page 440 
Ford should be estopped from relitigating that issue in the second action.
Issue preclusion[1] applies to prevent the relitigation of an issue previously determined, when the following conditions exist: (1) the issue in question is identical to one presented in a prior action; (2) the issue was litigated in the prior action; (3) the issue was determined in the prior action; (4) the determination of the issue was necessary to the judgment in the prior action; and (5) there is a substantial identity of parties in the two actions. Abernethy v. Abernethy, 611 So.2d 1021 (Ala. 1992); and Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala. 1990).
As a threshold matter, we consider generally whether issue preclusion is applicable in cases where the issue is the applicability of the doctrine of forum non conveniens. Before the Legislature adopted Act No. 87-182, Ala. Acts 1987, Alabama courts were not authorized to dismiss cases under the doctrine of forum non conveniens. See Ex parte IllinoisCent. Gulf R.R., 537 So.2d 899 (Ala. 1988). Because the doctrine was adopted in Alabama relatively recently, this Court has not before today considered the potential preclusive effect of a dismissal under the doctrine of forum non conveniens.
Although we have no controlling Alabama authority on the preclusive effect of a dismissal under the doctrine of forum non conveniens, we are not without guidance. Writing about the analogous doctrine of forum nonconveniens applied in the federal courts,[2] Professors Wright, Miller, and Cooper state:
 "There is little mystery about the [preclusive] effects of a judgment that dismisses an action for lack of subject *Page 441 
matter or personal jurisdiction or for improper venue. Civil Rule 41(b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits. This provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action. The judgment remains effective to preclude relitigation of the precise issue of jurisdiction or venue that led to the initial dismissal. Similar effects attend dismissals that rest on matters closely related to jurisdiction, such as justiciability or a requirement of prior resort to an administrative agency. Discretionary refusals to exercise admitted jurisdiction on such grounds as abstention or forum non conveniens follow the same rules. For the most part, the only difficulties of application arise from the need to use care in characterizing the actual basis of the first judgment."
18 Charles Alan Wright et al., Federal Practice and Procedure:Jurisdiction and Related Matters § 4436 (1981) (emphasis added; footnotes omitted).
In addition, several federal courts, applying the federal doctrine offorum non conveniens, have held that a dismissal based on the doctrine offorum non conveniens can have a preclusive effect. In Exxon Corp. v.Chick Kam Choo, 817 F.2d 307, 314 (5th Cir. 1987), rev'd on other grounds, 486 U.S. 140 (1988), the United States Court of Appeals for the Fifth Circuit held:
 "We conclude that once a court of competent jurisdiction has squarely passed on an issue fairly mooted between the same parties, on the merits of the cause or otherwise, that issue may not be relitigated. In the case of forum non conveniens, the plaintiff [who files a new civil action] must do more than ask for a rebalancing of forum non conveniens
considerations. He must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution."
See also Mizokami Bros. of Arizona, Inc. v. Mobay Chem. Corp., 660 F.2d 712
(8th Cir. 1981) (recognizing that a dismissal on grounds of forum nonconveniens can be preclusive but holding that it was not preclusive in that case because different factual circumstances could make Missouri a more convenient forum than Arizona, where a federal court had previously dismissed an action filed in Arizona on the basis that Mexico provided a more convenient forum than Arizona); Pastewka v. Texaco, Inc., 565 F.2d 851
(3d Cir. 1977) (affirming the decision of a Delaware federal district court holding that a prior dismissal by a New York federal district court on grounds of forum non conveniens was binding on the plaintiffs in the Delaware action because the underlying factual and legal issues were the same); Alexander Proudfoot, Plc v. Federal Ins. Co., 860 F. Supp. 541,544 (N.D.Ill. 1994) ("[I]f a court grants a motion to dismiss for forumnon conveniens, and thus enters final judgment, another court may revisit the issue if material facts underlying the judgment have changed."); andVillar v. Crowley Maritime Corp., 780 F. Supp. 1467 (S.D.Tex. 1992) (holding that a California federal district court's prior determination that the Philippines provided a more convenient forum than any forum in the United States was preclusive because the plaintiffs, who filed a subsequent action in a Texas federal district court, presented no facts materially altering the considerations underlying the California court's previous determination).
In addition, at least two state appellate courts have reached conclusions similar to those of the federal courts listed above. In SaudiAmerican Bank v. Azhari, 460 N.W.2d 90 (Minn.App. 1990), the plaintiffs sued in the same Minnesota state court that had dismissed an action by the plaintiffs two years previously, on grounds of forum non conveniens; the second case was before a different judge. The court *Page 442 
dismissed the second case because of the preclusive effect of the previous dismissal. The Minnesota Court of Appeals affirmed.
In Alcantara v. Boeing Co., 41 Wn. App. 675, 679-80, 705 P.2d 1222,1225-26 (1985), the Court of Appeals of Washington held:
 "A prior forum non conveniens dismissal precludes relitigation between the parties of those issues of law and fact actually litigated and necessary to the dismissal decision. . . .
 ". . . In making [the] determination [whether a prior dismissal on the basis of forum non conveniens
involved the same issues of law and fact raised in the second-filed action], the appellate court must examine the objective criteria that were applied in deciding the forum non conveniens question and the material facts underlying the application of those criteria. If the objective legal criteria and the underlying material facts in the prior . . . and subsequent . . . determinations were identical, then the prior court's decision precluded the relitigation of the same forum non conveniens issue."
We are persuaded by the weight of authority from other jurisdictions that, as a general matter, a forum non conveniens dismissal can indeed have a preclusive effect. Therefore, we now consider the elements of the doctrine of issue preclusion to determine whether in the second action Judge Smithart should have recognized Judge Gaither's forum nonconveniens dismissal as preclusive.
The first element of the issue-preclusion test is whether the issue raised in the second action is identical to the issue litigated in the first action. This is the issue Professors Wright, Miller, and Cooper identified as sometimes troublesome, when they wrote: "For the most part, the only difficulties of application arise from the need to use care in characterizing the actual basis of the first judgment." Supra. In other words, we must ask: Did Judge Smithart's order in the second action denying the motion to dismiss relate to the same issue that had been decided by Judge Gaither's order dismissing the first action? As a more specific explanation of the inquiry we make, we adopt this statement of the Washington Court of Appeals:
 "[T]he appellate court must examine the objective criteria that were applied in deciding the forum non conveniens question and the material facts underlying the application of those criteria. If the objective legal criteria and the underlying material facts in the prior . . . and subsequent . . . determinations were identical, then the prior court's decision precluded the relitigation of the same forum non conveniens issue."
Alcantara, 41 Wn. App. at 680, 705 P.2d at 1226.
Ford argues that she filed her second action in Barbour County because facts material to Judge Gaither's forum non conveniens dismissal had changed. Specifically, she argues that after Judge Gaither dismissed her first action she was diagnosed with cancer in her right breast; that the illness required her to undergo radiation and chemotherapy treatment; and that the treatments would make it difficult for her to pursue her claims in a Florida court. Before Judge Gaither dismissed the first action, Ford had been diagnosed with, and treated for, cancer in her left breast.
Ford has submitted for this Court's review an affidavit explaining the emergence of cancer in her right breast and explaining the medical treatment that emergence necessitated. The petitioners have moved to strike that affidavit, pointing out that Ford did not submit the affidavit to Judge Smithart before he ruled on the forum non conveniens
issue. They point out that this Court has held: "On review by mandamus, we must look at only those facts before the trial court." Ex parteBaker, 459 So.2d 873, 876 (Ala. 1984). Because the affidavit submitted by Ford as Exhibit F to her "Response to Petitions *Page 443 
for Writ of Mandamus," filed January 18, 2000, was not before Judge Smithart, we grant the petitioners' motion to strike the affidavit.
The fact that we strike Ford's affidavit, however, is not determinative. Ford points out in her response to the motion to strike that although the affidavit was not before the trial court, the essential facts it contained were before the trial court. Indeed, in her complaint initiating the second action, she stated:
 "7. Since this Court's order dismissing the case on the grounds of forum non conveniens, there has been a substantial change in the Plaintiff's condition.
 "8. Recently, and after this Court's order, the Plaintiff has been diagnosed with a new case of breast cancer in her other breast which will of course require treatment in this area. Therefore, Plaintiff again files this suit in Barbour County, Alabama, since her health will not permit her to litigate her claims in Florida."
Further, in her response to the defendants' motion to dismiss, Ford stated:
 "Unfortunately, the plaintiff has recently been diagnosed with a new case of breast cancer in her other breast and is currently undergoing radiation treatment. At the conclusion of the radiation treatment the plaintiff will have to undergo a course of chemotherapy. Given these new and extenuating facts, the plaintiff has again filed the case in her home county since her health condition will not allow her to travel to south Florida to litigate the present action."
The defendants argue that Ford's second case of breast cancer should have no bearing on our review of Judge Smithart's order denying their motions to dismiss, because she had been diagnosed with breast cancer before Judge Gaither dismissed her first action on forum non conveniens
grounds. Although that appears to be true, the defendants seem to ignore the key element of Ford's argument.
Ford argues, albeit not clearly, that although she had been suffering from breast cancer before Judge Gaither dismissed her first action, her cancer had gone into remission or her medical treatments were drawing to a close. That argument appears to be supported by an affidavit that Ford executed and that appears to have been before Judge Gaither when he dismissed her first action. That affidavit states:
 "Prior to my car being taken, I was diagnosed with breast cancer and have undergone surgery and chemotherapy. . . .
 "I am presently not working and have applied for Social Security Disability Benefits as a result of my breast cancer and treatment."
Further, the brief Ford filed for Judge Gaither to consider when he ruled on the motion to dismiss did not argue that a Florida forum would be inconvenient for Ford because she was undergoing cancer treatment. In other words, while Judge Gaither was certainly aware that Ford had been diagnosed with breast cancer and had been receiving treatment for that condition, from what is currently before this Court it appears possible that Ford's continued access to treatment was not a material fact considered by Judge Gaither. In contrast, it appears that Ford's argument that she was unable to travel to Florida because of a need to receive continuing treatments for cancer was before Judge Smithart.
In light of these facts, if Judge Smithart had found that Ford's need for medical treatment was a material fact that had changed since Judge Gaither dismissed the first action on forum non conveniens grounds, and if he had stated that finding as his reason for denying the defendants' motion to dismiss the second action on the same grounds, Ford might be able to make a persuasive argument that we should deny these mandamus petitions. Judge Smithart, however, explicitly stated *Page 444 
that his decision was not based on Ford's need for access to medical treatments. Instead, his order appears to have been based solely on a conclusion that Judge Gaither's order was not a final judgment on theforum non conveniens issue; he apparently based this conclusion on the fact that in his order Judge Gaither used the words "without prejudice." As we have stated above, Judge Smithart wrote:
 "Since the court did not specify that the decision based upon Defendants' forum non conveniens arguments in the first lawsuit was final, or being made with prejudice, the Plaintiff has the right to re-file the lawsuit anywhere venue is proper, including Barbour County, Alabama.
 "In opposing Defendants' Motion to Dismiss, Plaintiff additionally argues that due to her recent diagnosis of breast cancer in a breast not previously affected by cancer, Defendants' Motion should also be denied on the basis that the identical facts have not been previously litigated. Given the above ruling, the Court does not address Plaintiff's argument on this point."
(Emphasis added.)
Restatement (Second) of Judgments § 13 (1982) states:
 "The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), `final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."
(Emphasis added.) Further, we note Restatement (Second) of Judgments
§ 27 cmt. k (1982):
 "Particular reference is made to the distinction in § 13 between finality for purposes of merger and bar and finality for purposes of issue preclusion. Pursuant to this distinction, a litigation may have reached a stage at which issue preclusion is appropriate even though claim preclusion — application of the rules of merger and bar — is not."
(Emphasis added.) In other words, although the litigation in Ford's first action had not reached the stage — final judgment on the merits — that gives rise to claim preclusion, that fact is irrelevant to the inquiry whether it had reached a stage that could give rise to issue preclusion.
It is manifest that Judge Gaither did not enter a final judgment on the merits. Therefore, it was proper for him to specify that he dismissed the case without prejudice, meaning that Ford had the right to pursue her claims in a future action and to receive a final judgment on the merits. However, we cannot accept Judge Smithart's conclusion that Judge Gaither, in using the words "without prejudice," intended to allow Ford to relitigate the forum non conveniens issue in any court — including the Barbour County Circuit Court — in the absence of anychange in the material facts underlying his determination. On this point, we must respectfully reject Judge Smithart's reasoning.[3]
Nevertheless, we are mindful that Judge Smithart did not consider the question whether Ford's medical condition has changed to the extent that it may be determined that a material fact underlying Judge Gaither's determination has changed. As a consequence, we direct Judge Smithart to vacate his order of October 1, 1999, denying the defendants' motions to dismiss. However, we do not determine at this point whether Ford's argument concerning her medical condition and her need for treatment establishes that material facts supporting Judge Gaither's determination have changed. We leave that question for Judge Smithart. He is directed to permit *Page 445 
the parties to present any evidence they desire on the question whether Judge Gaither considered Ford's health problems when he dismissed the first action on the ground of forum non conveniens and to present evidence concerning the question whether the circumstances of her health problems have substantially changed. The trial judge is directed to enter an order on the defendants' motions to dismiss explaining in detail his findings of fact and conclusions of law on this issue. At that point, if the trial court enters an order dismissing on the doctrine of forum nonconveniens, Ford will be free to appeal that order. If the trial court denies the motions to dismiss on the doctrine of forum non conveniens, then the defendants will be free to petition for the writ of mandamus.
MOTION TO STRIKE AFFIDAVIT GRANTED; WRIT ISSUED DIRECTING FURTHER PROCEEDINGS ON THE MOTIONS TO DISMISS.
Hooper, C.J., and See, Lyons, and Johnstone, JJ., concur.
[1] There is some dispute in Alabama cases whether "issue preclusion" and "claim preclusion" are separate doctrines or are both subsets of the doctrine of res judicata. See Equity Resources Management, Inc. v.Vinson, 723 So.2d 634, 635 n. 2 (Ala. 1998). Regardless, claim preclusion does not apply in this case because one of the elements of claim preclusion is that the previous action resulted in a judgment on the merits. Abernethy v. Abernethy, 611 So.2d 1021 (Ala. 1992). The prior action between these litigants did not result in a judgment on the merits, so claim preclusion does not apply.
The preclusion doctrine involved in this case, then, is issue preclusion. Issue preclusion can be divided into two sub-categories traditionally referred to as "collateral estoppel" and "direct estoppel." This case falls into the direct-estoppel category, because the second action Ford filed was based on the same cause of action as her first action. Restatement (Second) of Judgments, § 27 cmt. b (1982) states:
 "In some cases, a judgment does not preclude relitigation of all or part of the claim on which the action is brought. See §§ 20, 26. In such cases, the rule of this Section precludes relitigation of issues actually litigated and determined in the first action when a second action is brought on the same claim. . . . Issue preclusion in a second action on the same claim is sometimes designated as direct estoppel. If, as more frequently happens, the second action is brought on a different claim, the rule of this Section also applies; in such cases, preclusion is sometimes designated as collateral estoppel."
See also Exxon Corp. v. Chick Kam Choo, 817 F.2d 307, 312 (5th Cir. 1987), rev'd on other grounds, 486 U.S. 140 (1988), quoting Restatement(First) of Judgments, § 49 cmt. b (1942), and discussing the concept of direct estoppel.
For clarity's sake, we will refer to the preclusion doctrine applicable in this case simply as "issue preclusion."
[2] The federal doctrine of forum non conveniens is distinct from the doctrine that we apply in this case. The federal doctrine of forum nonconveniens is based on a statutory enactment of Congress and is not a codification of the common-law doctrine of forum non conveniens. SeeExxon Corp. v. Chick Kam Choo, 817 F.2d 307, 313 (5th Cir. 1987), rev'd on other grounds, 486 U.S. 140 (1988). The Alabama doctrine of forum nonconveniens is also based on a statute. However, even though the two doctrines — the federal doctrine and the Alabama doctrine — are based on independent and distinct statutory enactments by two different legislative bodies — the United States Congress and the Alabama Legislature — they have sufficient fundamental similarity that we find cases and other materials discussing the preclusive effect of a forum non conveniens dismissal by a federal court to be persuasive.
[3] Our conclusion that Judge Gaither's order embodied a sufficient finality on the issue of forum non conveniens to give rise to issue preclusion is consistent with our conclusion, supra, that it was an appealable order.