IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 25, 2008 Session

**IN RE: BRIDGESTONE/FIRESTONE AND
FORD MOTOR COMPANY LITIGATION**

**Appeal from the Circuit Court for Davidson County
No. 06MD-1, et al.     Thomas W. Brothers, Judge**

---

**No. W2006-02550-COA-R9-CV - Filed September 15, 2008**

---

The second appeal in this case involves the effect of a previous *forum non conveniens* dismissal. The plaintiffs, residents and citizens of Mexico, were injured in automobile accidents that took place in Mexico. They filed multiple lawsuits against several American corporate defendants, alleging that the accidents were the result of defects in the vehicles' tires. The corporate defendants moved for dismissal on the ground of *forum non conveniens*. The trial court denied the motions, and the defendants were granted permission to file an interlocutory appeal. The Court of Appeals reversed the trial court and dismissed the consolidated case on the ground of *forum non conveniens*, based on the availability of Mexico as a more convenient forum for litigation of the plaintiffs' claims. Subsequently, the plaintiffs filed numerous lawsuits in several Mexican trial courts. These cases were all dismissed, and the dismissals were affirmed on appeal. The plaintiffs then filed new lawsuits in Davidson County Circuit Court against the same defendants, which were again consolidated for pretrial purposes. The defendants filed motions to dismiss on grounds of issue preclusion, arguing that the issues of *forum non conveniens* and the availability of Mexico as an available alternate forum had been determined in their favor in the first appeal. The trial court denied the motion to dismiss, finding that Mexico was not, in fact, an available forum, as evidenced by the numerous dismissals by the Mexican tribunals. The defendants were granted permission for this interlocutory appeal. On appeal, we address the effect of our previous decision and vacate the order denying the defendants' motion to dismiss, and remand the cause to the trial court for further proceedings on the availability of Mexico as an alternate forum for the plaintiffs' claims.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court
is Vacated and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, joined.

Steven A. Riley and Salvador M. Hernandez, Nashville, Tennessee, for the appellant Bridgestone Corporation; James F. Sanders and A. Scott Ross, Nashville, Tennessee, for the appellant Bridgestone Firestone North American Tire, LLC; and Stephen A. Marcum, Huntsville, Tennessee, and Craig A. Morgan, Austin, Texas, for the appellant Ford Motor Company

Steve North, Madison, Tennessee; Richard L. Denney and Lydia JoAnn Barrett, Norman, Oklahoma; Robert L. Langdon and J. Kent Emison, Lexington, Missouri; John M. Merritt, Oklahoma City, Oklahoma; and Richard L. Lagarde, Houston, Texas, for the appellees

## OPINION

### FACTS AND PROCEEDINGS BELOW

This is the second appeal of these consolidated lawsuits, still at the pretrial stage, arising out of vehicular accidents that occurred in Mexico in 2000. In 2001, the plaintiff Mexican citizens and residents ("Plaintiffs") filed thirty-one lawsuits against Bridgestone Corporation ("Bridgestone"), Bridgestone/Firestone North American Tire, L.L.C. ("Firestone"),[1] and Ford Motor Company ("Ford")[2] in the Circuit Court for Davidson County, Tennessee. The Plaintiffs' complaints alleged that the accidents were caused by defects in the tires on the automobiles, which were manufactured by Firestone and installed on Ford sport utility vehicles. The Plaintiffs stated claims of negligence, strict liability, violation of the Tennessee Consumer Protection Act, and civil conspiracy. On May 21, 2001, all of the cases pending were consolidated for pre-trial purposes by the Circuit Court for Davidson County.

On August 16, 2001, Firestone and Ford filed motions to dismiss the consolidated action on grounds of *forum non conveniens*, arguing that the Plaintiffs' claims should be litigated in Mexico.[3] The trial court denied the motion, and its order of denial stated that Firestone and Ford had "not convinced [the] Court that the courts in Mexico would provide a truly adequate alternative forum . . . ." The trial court also found that the defendants had failed to establish the elements necessary for dismissal on the ground of *forum non conveniens*. The trial court's order concluded, "[I]t appears that the interests of justice would be best and most efficiently served by conducting the trials in the cause in Nashville, Tennessee."

Firestone and Ford sought permission from the trial court to file an interlocutory order; its request was denied. Firestone and Ford were then granted permission by the Court of Appeals to file an extraordinary appeal under Rule 10 of the Tennessee Rules of Appellate Procedure.

---

[1] The principal place of business for Firestone is in Nashville, Davidson County, Tennessee.

[2] Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan.

[3] Bridgestone did not join in the motions to dismiss filed by Firestone and Ford, but filed a response stating that, if the trial court granted the motion to dismiss, Bridgestone would not contest personal jurisdiction in a Mexican tribunal.

On appeal, we reversed the trial court's denial of the defendants' motions and dismissed the case. *In re Bridgestone/Firestone*, 138 S.W.3d 202, 210 (Tenn. Ct. App. 2003), *app. denied* (June 1, 2004). Noting that the trial court's denial of the motions to dismiss was based on the perceived inadequacy of the alternate forum in Mexico, we held, *inter alia*, that a trial court considering a motion to dismiss on the basis of *forum non conveniens* should consider the *availability* of an alternate forum, not the *adequacy* of the alternate forum. *Id.* at 207 ("The relevant inquiry encompasses the availability of an alternative forum, but not its adequacy."). The appellate opinion went on to say: "In the present matter, the record indicates that both Ford and Firestone have consented to waive any jurisdictional defenses, including any applicable statutes of limitations, if plaintiffs file suit in Mexico. As such, the courts of Mexico provide an available alternative forum." *Id.* at 206-07. It then considered the factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), used to determine whether, aside from the availability of an alternate forum, a case is appropriate for a dismissal on the basis of *forum non conveniens*. *Id.* at 207-10. We found that, on balance, these factors weighed in favor of dismissal. Accordingly, the trial court's denial of the motions to dismiss was reversed and the consolidated cases were dismissed. *Id.* at 210. Our Supreme Court denied the plaintiffs' application for permission to appeal further.

Subsequently, several of the plaintiffs filed separate lawsuits in various Mexican trial courts. Ultimately, all of these cases were dismissed. Some of these dismissals were appealed; all that were appealed were affirmed.

The majority of the lawsuits filed in Mexico were dismissed for lack of jurisdiction.[4] Some of the Mexican trial court orders and appellate opinions indicated that the Plaintiffs had notified the Mexican courts that Ford, Firestone, and Bridgestone had agreed not to raise any jurisdictional challenges.[5] The Mexican orders and opinions also indicated that the Plaintiffs may not have followed the proper procedure for submitting to the particular court's jurisdiction.

After the dismissals in the various Mexican courts, the Plaintiffs/Appellants in the case at bar filed new complaints in the Circuit Court for Davidson County. In total, twenty-six new lawsuits were filed against Ford, Bridgestone,[6] and Firestone, asserting claims for negligence, strict liability, civil conspiracy, violation of the Tennessee Consumer Protection Act, and breach of an implied warranty of merchantability. Ford and Firestone answered the complaints, raising the defenses of res judicata and collateral estoppel. The Plaintiffs filed a motion to strike those defenses, and Ford and Firestone filed motions to dismiss on grounds of res judicata and collateral estoppel.

In the motions to dismiss, Ford and Firestone cited the opinion in the first appeal, arguing that the availability of Mexico as an alternate forum had already been litigated and decided.

---

[4] At least one of the cases was dismissed for lack of standing.

[5] The Plaintiffs explain that, in the legal system in Mexico, the named defendants are not served when the litigation is filed, and some pretrial proceedings can occur without the defendants' participation and without notice to the defendants.

[6] Bridgestone was not named as a defendant in all of the lawsuits filed in the lower court.

Accordingly, they contended, the doctrine of collateral estoppel precluded the Plaintiffs from claiming that the Mexican forum was unavailable. The Plaintiffs contended that the dismissal of their lawsuits filed in various Mexican courts showed that Mexico was unavailable as an alternate forum. They argued that Mexico's demonstrated unavailability made the doctrine of collateral estoppel inapplicable under the circumstances. They asserted that the dismissal of their prior cases on the ground of *forum non conveniens* had an implied "return jurisdiction" clause, which would serve to allow the Tennessee court to exercise jurisdiction in the event Mexico refused to do so.

On November 20, 2006, the trial court denied the motions to dismiss filed by Ford and Firestone, and granted the Plaintiffs' motion to strike the affirmative defenses of collateral estoppel and res judicata. In its order, the trial court explained that res judicata was not applicable because the lawsuits filed before the first appeal were not decided on the merits. It found that collateral estoppel was likewise not applicable because the issue of Mexico's availability as an alternate forum was not conclusively determined. The trial court stated, "Since the *existence* of jurisdiction of Mexican courts is a matter for them alone to decide, this issue has not been conclusively decided by Tennessee courts and principles of collateral estoppel do not apply." The trial court also found that a return jurisdiction clause was implicit in this Court's prior dismissal of the first consolidated cases.

Defendants Ford and Firestone sought interlocutory appeal of the order denying their motions to dismiss, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court granted permission to file the interlocutory appeal and consolidated the cases for purposes of the appeal. Firestone and Ford then filed an application with this Court for permission to appeal under Rule 9, which Bridgestone joined as to those cases in which it was a party. We granted permission to file this interlocutory appeal.

### ANALYSIS

Under Rule 9 of the Tennessee Rules of Appellate Procedure, we are limited on appeal to the questions certified by the trial court in its order granting permission to seek an interlocutory appeal and in this Court's order granting the appeal. *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000) (citations omitted). In this case, the trial court's order granting permission to seek an appeal states:

> [T]his Court finds that the following issues appear proper for review on appeal pursuant to Tennessee Rule of Appellate Procedure 9:
>
> 1) Whether the dismissal by the Court of Appeals for *forum non conveniens* has an absolute preclusive effect on this case, despite the apparent determination by Mexican Courts that Mexico is not and was not an available forum for these claims. This Court has determined that the refiling of these cases is not precluded because (a) the determination by the courts of Mexico as to whether they offer an "available forum" is conclusive and binding on the courts of Tennessee, and (b) the prior ruling by the Court of Appeals did not address that issue.
>
> 2) Whether the absence of a specific return jurisdiction clause prevents this Court from reopening the case, even if it is determined that there is no available alternative forum. Subsumed within this issue is the question of whether the

Tennessee Constitution's "open courts" doctrine mandates that a claim be allowed to proceed in Tennessee courts when it was previously dismissed on grounds of *forum non conveniens* but now determined to be viable only in Tennessee. This Court has determined that implicit in any such dismissal of a case on grounds of *forum non conveniens* is the right to return to the court that does have jurisdiction if it is determined that there really is no alternative forum. To deny access to our courts under these circumstances would violate our principles of fundamental fairness and due process. The open courts provision of Tennessee's Constitution, Article I, Section 17, which states that "all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay" mandates that these parties not be denied access to our courts under these circumstances.

These, then, are the issues presented on appeal. As these issues concern questions of law, our review is *de novo*, with no presumption of the correctness of the trial court's order. Tenn. R. App. P. 13(d); **Campbell v. Fla. Steel Corp.**, 919 S.W.2d 26, 28-29 (Tenn. 1996).

Defendants Firestone, Bridgestone, and Ford express their belief that the Plaintiffs manipulated the proceedings in Mexico to obtain dismissals and did not make a good faith effort to invoke the jurisdiction of the Mexican courts. Nevertheless, the Defendants argue, this Court need not consider whether the Plaintiffs' claims were pursued in good faith in Mexico because, under the doctrine of collateral estoppel, the Plaintiffs are precluded from re-litigating the *forum non conveniens* issue decided in the prior appeal to this Court. They argue that the issue of whether the Mexican courts were an "available" forum was decided in the prior appeal, and the Plaintiffs should not be granted a "do-over" on this issue.[7]

The Plaintiffs maintain that the proceedings in Mexico were not manipulated or contrived, but were legitimate decisions by several Mexican courts to refuse jurisdiction, despite being informed that the Defendants had agreed to submit themselves to the jurisdiction of the Mexican courts. They argue that, if the trial court is precluded from considering the dismissals by the courts in Mexico, they will in effect be prevented from litigating their claims in *any* court.

The issue raised in this appeal – the preclusive effect of this Court's prior dismissal of these consolidated cases on grounds of *forum non conveniens* – requires discussion of the principles of former adjudication. Former adjudication has an important role in American jurisprudence in bringing resolution and finality to litigation. The United States Supreme Court has stated, "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies . . . ." **S. Pac. R.R. Co. v.**

---

[7] Defendants Firestone, Bridgestone, and Ford cited *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 706 (7th Cir. 2005), in which the plaintiffs asserted that their claims in Mexico were dismissed. The defendants assert that the plaintiffs used "the same Mexican law experts whom the plaintiffs rely upon here." The appellate court remanded the cause to the trial court for it to consider the Mexican dismissal orders. After much discovery, the trial court concluded that the Mexican courts were manipulated by the plaintiffs and that there was an "attempted fraud on the court." *In re Bridgestone/Firestone, Inc.*, 470 F. Supp. 2d 917, 928 (S.D. Ind. 2006).

*U.S.*, 168 U.S. 1, 48-49 (1897). A prior judgment or order, however, will not prohibit "reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998).

Former adjudication includes both claim preclusion and issue preclusion. Claim preclusion "bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit." *Id.* Issue preclusion is defined in the Restatement (Second) of Judgment as follows: "When an issue of fact or law is actually litigated and determined by a valid and final judgment . . . the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). This appeal involves the principle of issue preclusion, applied in the context of a dismissal on the basis of *forum non conveniens*.[8]

The principle of *forum non conveniens* "is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum." *Zurick v. Inman*, 426 S.W.2d 767, 769 (Tenn. 1968); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). Whether a claim should be dismissed on the basis of *forum non conveniens* is a matter within the discretion of the trial court. *Zurick*, 426 S.W.2d at 772. The doctrine presupposes that the court in which the action is filed has jurisdiction over the parties and the subject matter, and also presupposes that there is at least one other forum in which the plaintiff may litigate his claim. *Id.* at 771. "[I]t is necessary [that] the trial court determine [that] such other forum is available." *Id.* at 771-72.

---

[8]The terminology used in discussing former adjudication is at times overlapping and less than clear. One well-known treatise, relying on common law traditions, divides former adjudication into "res judicata" and "estoppel by judgment." JACK H. FRIEDENTHAL, ET AL., CIVIL PROCEDURE § 14.1, at 646-47 (4th ed. 2005). Res judicata "prevents a plaintiff from suing on a claim that already has been decided," and is divided into the concepts of merger and bar. *Id.* Merger extinguishes a claim filed by a claimant if he previously succeeded on the same claim, while bar prevents a party who lost a lawsuit from later asserting the same cause of action. *Id.* Estoppel by judgment "precludes relitigation of any issue, regardless of whether the second action is on the same claim as the first one, if that particular issue actually was contested and decided in the first action." *Id.* Estoppel by judgment is divided into "direct estoppel" and "collateral estoppel." *Id.* Direct estoppel precludes relitigation of an issue "when the prior judgment invoked as an estoppel and the present suit are both on the same cause of action." *Id.* In contrast, collateral estoppel precludes relitigation of an issue that was determined by an earlier judgment on a different claim. *Id.*

The Restatement (Second) of Judgments discusses the same concepts, using different terminology. The Restatement divides the concept of former adjudication into "claim preclusion" and "issue preclusion." Claim preclusion includes the concepts of merger and bar, and uses similar definitions for both. RESTATEMENT (SECOND) OF JUDGMENTS §§ 18, 19 (1982). "The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together." *Lien v. Couch*, 993 S.W.2d 53, 56. The Restatement uses the term "issue preclusion" to include both the collateral estoppel and direct estoppel. RESTATEMENT (SECOND) OF JUDGMENTS § 27 & cmt. b. The term "res judicata" is used in the Restatement in a "broad sense" to include all of the former adjudication concepts. *Id.* ch. 3, intro. note. Tennessee courts have in the past cited the Restatement (Second) of Judgments and adopted its terminology, so we do so here. *See Lien v. Couch*, 993 S.W.2d at 56.

-6-

Obviously, a dismissal on the basis of *forum non conveniens* does not operate as a dismissal on the merits; it is a "deliberate refusal[] to decide the substantive issues presented." 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4436 (Westlaw 2008). The dismissal leaves the plaintiff free to file his lawsuit on the same claim in the alternate forum. Therefore, the doctrine of claim preclusion is not applicable.

We consider, then, the principle of issue preclusion. The parties have not cited a Tennessee decision in which a dismissal on the basis of *forum non conveniens* has preclusive effect on a subsequent case, and we have found none. Courts in other jurisdictions, however, have addressed this issue. In general, "[a] prior forum non conveniens dismissal precludes relitigation between the parties of those issues of law and fact actually litigated and necessary to the dismissal decision." *Alcantara v. Boeing Co.*, 705 P.2d 1222, 1225 (Wash. Ct. App. 1985) (citations and footnote omitted); *see also Mizokami Bros. of Ariz. v. Mobay Chem. Corp.*, 660 F.2d 712, 715-16 (8th Cir. 1981) (citations omitted); *Ex parte Ford Motor Credit Co.*, 772 So. 2d 437, 442 (Ala. 2000); *Saudi Am. Bank v. Azhari*, 460 N.W.2d 90, 92 (Minn. Ct. App. 1990) (citation omitted) (applying collateral estoppel). Thus, "[i]f the objective legal criteria and the underlying material facts in the prior . . . determinations were identical, then the prior court's decision precluded the relitigation of the same *forum non conveniens* issue." *Alcantara*, 705 P.2d at 1226.

We are mindful that the doctrine of former adjudication is not to be "rigidly applied," but should be "qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice." *Marlene Indus. Corp. v. N.L.R.B.*, 712 F.2d 1011, 1017 (6th Cir. 1983). Issue preclusion, like claim preclusion, is an equitable doctrine "grounded on considerations of fairness and efficiency," and should not be applied if those interests would not be served. *Mitchell v. Hutchins*, No. M2004-01592-COA-R10-CV, 2006 WL 287372, at *2 (Tenn. Ct. App. Feb. 6, 2006); *see also* 47 AM. JUR. 2D *Judgments* § 490, at 50 & nn.6-11.

Courts in Tennessee and elsewhere have stated repeatedly that former adjudication should not be applied if "controlling facts or legal principles have changed significantly . . . ." *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987) (citations omitted) (addressing the use of collateral estoppel); *see also Mont. v. U.S.*, 440 U.S. 147, 148 (1979); *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998) (citing *White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994)) ("A prior judgment or decree does not prohibit . . . the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations.").

We now apply these principles to the case at bar. In the prior appeal in this case, the trial court denied the Defendants' motion to dismiss on the grounds of *forum non conveniens*, finding that the Mexican courts were not an "adequate" alternative forum, and that the Defendants had not shown other factors warranting dismissal. *In re Bridgestone/Firestone*, 138 S.W.3d 202, 205 (Tenn. Ct. App. 2003). On appeal, this Court held that the "adequacy" of the alternate forum was not to be considered; the alternate forum need only be "available." *Id.* at 206. The appellate court noted that, because the Defendants had agreed to waive any jurisdictional defenses, "the courts of Mexico are available to adjudicate the instant cases." *Id.* at 207. The appellate court found that the relevant public policy factors, especially the difficulty of applying Mexican law, weighed in favor of

relegating the Plaintiffs to re-filing in Mexico. *Id.* at 208-09. Therefore, the trial court's denial of the motion to dismiss was reversed and the case was dismissed. *Id.* at 210.

Thereafter, the Plaintiffs filed their lawsuits in Mexico and the lawsuits were dismissed. They then re-filed the same lawsuits against the same Defendants in the same Tennessee court. After the Defendants' motion to dismiss was denied, the parties are here before us once again.

Clearly, a finding that the Mexican courts were an "available" alternative forum was necessary for the dismissal on the basis of *forum non conveniens*. Should issue preclusion be applied?

In an analogous case, the Minnesota appellate court applied issue preclusion and granted the defendants' motion to dismiss. In **Saudi American Bank v. Azhari**, 460 N.W. 2d 90 (Minn. Ct. App. 1990), the parties' original lawsuit was dismissed on the ground of *forum non conveniens*, apparently based on a finding that a tribunal in Saudi Arabia was available and the more appropriate forum. *Id.* at 91. The dismissal was not appealed. In legal proceedings in Saudi Arabia, one of the original defendants was voluntarily dismissed and another was never named as a party. The plaintiffs then re-filed a lawsuit against these defendants in the original venue in Minnesota. *Id.*

The trial court dismissed the second Minnesota lawsuit, finding it barred by the doctrine of collateral estoppel, and the plaintiffs appealed. *Id.* The plaintiffs cited to Minnesota appellate caselaw holding that a prior state court dismissal on the basis of *forum non conveniens* did not preclude a federal court from considering it, because the underlying material facts in the federal forum were different from those in the state forum. *Id.* at 92. The Minnesota court rejected this authority, stating: "If a *forum non conveniens* dismissal is not conclusive in the forum which grants it, it is essentially meaningless." *Id.* at 92. Emphasizing that the original *forum non conveniens* dismissal was not appealed, the Minnesota court found that the plaintiff was a victim "of its own decisions." *Id.* at 93. It found no indication in the record that the plaintiff "requested . . . a conditional dismissal, or took any steps to keep open a possibility of returning to Minnesota courts if, in fact, a hearing on the merits could not be had in Saudi Arabia."[9] *Id.* Consequently, it found that the trial court did not abuse its discretion in dismissing the case on the grounds of collateral estoppel. *Id.*

Other courts have declined to apply issue preclusion in the face of an alleged change in the material facts underlying the prior determination, and have instead remanded the case for the trial court to take evidence on the alleged change. In **Ex parte Ford Motor Credit Co.**, 772 So. 2d 437 (Ala. 2000), the plaintiff purchased an automobile in Florida, and then moved to Alabama. She later filed a lawsuit against Ford Motor Credit arising out of the Florida transaction. Her action was dismissed on the ground of *forum non conveniens*, based on a finding that Florida was the more appropriate forum for the dispute. At the time of the dismissal, all parties were aware that the

---

[9]This is commonly referred to as a "return jurisdiction" clause, the subject of the Plaintiffs' second issue in this appeal.

plaintiff had been diagnosed with breast cancer. The order of dismissal was not appealed. *Id.* at 439.

Approximately a year later, the plaintiff re-filed essentially the same lawsuit against Ford Motor Credit, again in an Alabama court. The defendant filed a motion to dismiss, arguing that the plaintiff should be estopped from re-litigating the issues that were the basis for the *forum non conveniens* dismissal. *Id.* at 439-40. The plaintiff contended that the defendant's motion to dismiss should be denied, because after the prior dismissal, her breast cancer was found to have spread to her other breast, and the resulting treatments would make it difficult for her to pursue her claims in a Florida court. *Id.* at 442. Ford Motor Credit argued in response that the plaintiff's worsening breast cancer should not be considered because she had been diagnosed with breast cancer before the prior dismissal. *Id.* at 443. The trial court denied the defendant's motion to dismiss on the basis that the prior order was not final, and did not make a finding on the plaintiff's medical condition. The defendant appealed.

The Alabama appellate court held that issue preclusion should apply to a dismissal on the basis of *forum non conveniens* "in the absence of any change in the material facts underlying" the prior dismissal. *Id.* at 444 (emphasis omitted). It disagreed with the trial court's reasoning on finality, and vacated the order denying the defendant's motion to dismiss. The court found, however, that it was not appropriate to determine at the appellate level whether the plaintiff's medical condition warranted a finding that the material facts supporting the *forum non conveniens* dismissal had changed. *Id.* Instead, the matter was remanded to the trial court for an evidentiary hearing on whether the circumstances of the plaintiff's health problem had substantially changed, and a resolution of the defendant's motion to dismiss on that basis. *Id.* at 444.

A similar result was reached in ***In re Bridgestone/Firestone, Inc.***, 420 F.3d at 702 (7th Cir. 2005), a lawsuit against the same defendants in the case at bar, with remarkably similar facts. In ***Bridgestone***, the plaintiffs' decedent was a Mexican citizen who died in an accident in Mexico in a Ford vehicle with Firestone tires. The case was filed in Texas and transferred to Indiana. The defendants filed a motion to dismiss on the basis of *forum non conveniens*, arguing that Mexico was the more appropriate forum. The trial court granted the motion, and the plaintiffs appealed. *Id.* at 703.

While the appeal was pending, the plaintiffs sued Bridgestone/Firestone and Ford in Mexico. The Mexican court determined that it did not have jurisdiction to hear the case, and its ruling was "confirmed," apparently by a Mexican appellate court or authority. *Id.* at 705. The Seventh Circuit commented that, prior to the plaintiffs' proceedings in Mexico, "this case looked like an easy candidate for a straightforward affirmance." *Id.* After the rulings in the Mexican courts, the court said, "[I]t appears that the very first *forum non conveniens* requirement – an available alternative forum – is no longer satisfied. Mexico, apparently, has refused to hear the case." *Id.*

As in this case, the defendants argued that the plaintiff had manipulated the Mexican proceedings to obtain a dismissal, and urged the Seventh Circuit to disregard the evidence of the Mexican courts' actions. *Id.* The Seventh Circuit acknowledged that the defendants had substantial reasons to voice suspicion about the validity of the proceedings in Mexico. *Id.* at 706. Despite

"misgivings" about the plaintiffs' actions, the Seventh Circuit said, "[i]t would be unfair . . . to pretend that nothing had occurred at all, particularly because the district court's assumption about the availability of a Mexican forum might, in the end, prove to be erroneous." *Id.* (citation omitted.) It found the appellate record to be inadequate to assess whether the plaintiffs' actions in Mexico were undertaken in good faith. *Id.* Therefore, the federal appellate court vacated the trial court's dismissal and remanded the cause for the trial court to "thoroughly explore the circumstances surrounding" the Mexican proceedings. *Id.* The ***Bridgestone/Firestone*** court stated:

> If the district court determines that the plaintiffs acted in good faith and that the Mexican court decisions are entitled to recognition here, those decisions establish that Mexico is not an available forum. . . . If, however, the court concludes that the [Mexican] decisions are not entitled to recognition or that the plaintiffs did not act in good faith and manipulated the dismissal of their case in Mexico, the district court should regard itself as free once again to dismiss this complaint. . . . [A] forum may not become unavailable by way of fraud.

*Id.* at 707.

On remand, after exhaustive discovery[10] and an evidentiary hearing, the district court issued a stinging decision, finding that, in filing the lawsuit in Mexico, counsel for the plaintiffs "acted with the clear purpose of having the case dismissed; and, in seeking that result, manipulated the process to insure that the dismissal would . . . [be] sustained on appeal." ***In re Bridgestone/Firestone, Inc. Tires***, 470 F. Supp. 2d at 920. For a plethora of reasons set out in detail in its opinion, the district court determined that the Mexican judicial decisions were not obtained in good faith and were not entitled to recognition in the United States. *Id.* at 920-29. Therefore, it once again dismissed the plaintiffs' complaint on the ground of *forum non conveniens*. *Id.* at 929.

In the appeal before us, Bridgestone/Firestone likewise alleges that there is a "suspicious haze" over the Plaintiffs' actions in Mexico. *See **Bridgestone/Firestone***, 420 F.3d at 706. Like the Seventh Circuit, however, we simply cannot determine from this vantage point whether the Plaintiffs' actions were undertaken in good faith.

We find that issue preclusion can apply to the findings underlying a dismissal on the basis of *forum non conveniens*, and in particular can apply to a finding that an alternate forum is available. In this case, the finding of an available alternate forum was not made by the trial court; rather, it was made by the appellate court based on the record, after rejection of the trial court's reason for denying the Defendants' motion to dismiss.[11] Nevertheless, the finding was necessary to the appellate court's dismissal of the lawsuit on the basis of *forum non conveniens*, and can have preclusive effect in a subsequent action, "in the absence of any change in the material facts underlying [the prior]

---

[10]The discovery preceding the hearing took nearly a year. ***In re Bridgestone/Firestone, Inc. Tires***, 470 F. Supp. 2d 917, 919 n.3 (S.D. Ind. 2006).

[11]It appears that the availability of Mexico as an alternate forum was essentially assumed, based on the Defendants' consent to waive any jurisdictional defenses. *See **In re Bridgestone/Firestone***, 138 S.W.3d at 206-07.

determination." ***Ex parte Ford Motor Credit***, 772 So. 2d at 444; ***see also Zurick***, 426 S.W.2d at 771-72 (available alternate forum necessary to a *forum non conveniens* dismissal).

In this case, were it not for the proceedings in Mexico resulting in dismissal of the Plaintiffs' cases, we would grant the relief sought by the Defendants and hold, as a matter law, that our prior decision precludes re-litigation of the issue of the availability of Mexico as an alternate forum. Like the Seventh Circuit, however, we must conclude that "[i]t would be unfair . . . to pretend that nothing had occurred at all, particularly because the . . . assumption about the availability of a Mexican forum might, in the end, prove to be erroneous." ***Bridgestone/Firestone***, 420 F.3d at 706. If this turned out to be the case, and this Court dismissed the re-filed lawsuits, then the Plaintiffs would be left with no forum in which to seek compensation for their injuries. A wrong incapable of redress, we think, serves neither justice nor equity. ***See Marlene Indus. Corp.***, 712 F.2d at 1017; 47 AM. JUR. 2D *Judgments* § 490 at 50 & nn.6-11.

Consequently, we decline to hold, as a matter of law, that the Plaintiffs are precluded from reconsideration of the issue of the availability of Mexico as an alternate forum for their claims. The trial court's order denying the Defendants' motion to dismiss must be vacated. The cause must be remanded to the trial court to "thoroughly explore the circumstances surrounding" the Plaintiffs' proceedings in Mexico. On remand, the trial court should consider whether the Plaintiffs acted in good faith in the Mexican proceedings, whether the Mexican proceedings were manipulated to achieve dismissal by the Mexican courts, and whether the Mexican court decisions are entitled to recognition here.[12] ***In re Bridgestone/Firestone***, 420 F.3d at 706-07. In addition, the trial court may consider whether the dismissal of the Plaintiffs' claims was foreseeable. ***See*** RESTATEMENT (SECOND) OF JUDGMENTS § 28(5)(b) and comment i. If the trial court finds that the decisions of the Mexican courts should not be recognized, it may, in its discretion, hold that the Plaintiffs are precluded from re-litigating the issue of the availability of Mexico as an alternate forum, and dismiss the Plaintiffs' lawsuit on that basis.

This holding pretermits the second issue raised in this appeal.

The trial court's order denying the Defendants' motion to dismiss is vacated, and the cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Defendants/Appellants Bridgestone/Firestone North American Tire, L.L.C., Bridgestone Corporation, and Ford Motor Company.

_____
HOLLY M. KIRBY, JUDGE

---

[12] It is hoped, for all concerned, that the proceedings on remand do not entail a year of discovery and procedural skirmishes.